Gregory *v.* Haworth.

---

# HENRY GREGORY *v.* JAMES HAWORTH.

FRAUDULENT ASSIGNOR CANNOT SUE.—One who makes an assignment of property for the sole purpose of hindering, delaying, and defrauding his creditors, cannot maintain an action against the assignee to compel a re-assignment of it or a judgment for its value, if a re-assignment cannot be had, nor can a purchaser from the assignor, who buys with full knowledge of such fraudulent assignment, maintain such action.

SAME.—A party who comes into Court with a fraud upon his lips cannot obtain relief.

ALLEGATIONS OF COMPLAINT AND JUDGMENT.—A recovery, if had, must be grounded upon the facts which are averred in the complaint, and not upon those which are denied.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Plaintiff recovered judgment in the Court below, and defendant appealed. The other facts are stated in the opinion of the Court.

*Sol. A. Sharp*, and *T. B. Reardon*, for Appellant.

The general rule is, that equity will not relieve a party against his own voluntary frauds; nor will it relieve his assignee, or a party standing in his shoes.

We think it scarcely necessary to cite authorities upon this point—the doctrine is so well settled. We refer the Court to *McClure* v. *Purcell*, 3 A. K. Marshall, 61 ; *Babcock* v. *Booth*, 2 Hill, 183 ; *Osborn* v. *Moss*, 7 Johns. 161 ; *Jackson* v. *Gurnsy*, 16 Johns. 191 ; *Abbe* v. *Marr*, 14 Cal. 211 ; *Valentine* v. *Stewart*, 15 Cal. 389 ; *Barton* v. *Morris*, 15 Ohio, 408.

*Bennett, Love & Love*, for Respondent.

It is claimed that as the complaint alleges the stock to have been transferred to Haworth to defraud the creditors of Bartol, the plaintiff, claiming by derivation through Bartol, cannot impeach such transfer. We are not aware that the plaintiff has ever sought to impeach the transfer; on the contrary, he, as well as Riddle and Eaton, from whom he claims, have acted throughout on the supposed validity of the transfer, otherwise they would not, probably, have tendered the amount of the notes, with the interest.

This portion of the complaint is not an inference drawn, but the statement of a conclusion of law from facts alleged, and the plaintiff's right to recover must depend on his proving facts, and if the proof of the facts will not warrant the conclusion of fraud, it will sustain any other legal conclusion which is sufficient in law to entitle the plaintiff to recover. If the facts alleged in the complaint and proved at the trial will not sustain the supposition of fraud, but will support any other cause of action, all that is said about fraud may be treated as surplusage. Facts enough are stated in the complaint, which have been proved, to make out a good cause of action. That

is all that is required in any case after verdict and judgment. All the rest of the complaint is surplusage, and should be so regarded.

By the Court, SANDERSON, C. J.

This action was brought to compel the defendant to transfer to the plaintiff twelve shares of the capital stock of the California Stage Company, alleged to have formerly belonged to one Bartol and assigned by him to Riddle and Eaton, and by them to the plaintiff, or in case the said Haworth had in any manner disposed of said stock, or any portion thereof, to compel him to account with and pay to the plaintiff the value thereof. The complaint is most singularly drawn, and seems to proceed upon inconsistent theories, and it is not easy to determine upon which theory the pleader expected to recover. It alleges that the stock in question once belonged to Bartol, who, while the owner thereof, made and delivered to Haworth two promissory notes, amounting in the aggregate to the sum of fifteen hundred dollars, and turned the stock over to him as collateral. That Riddle and Eaton were creditors of Bartol to the amount of thirty thousand dollars, and Bartol gave them an order on Haworth for the stock upon the payment by them of the amount for which it was pledged. That Riddle and Eaton tendered the amount due, and demanded the stock of Haworth, who refused to transfer it. Upon this theory the plaintiff was doubtless entitled to recover. But, as if to prevent such a result, the pleader proceeds to characterize so much of the foregoing facts as relate to the question of pledge as pretended on the part of Haworth, and not true in fact, and to allege that the stock was in fact transferred by Bartol to Haworth "for the fraudulent, sole and only purpose of hindering, delaying, and defrauding the creditors of him, the said Bartol." Thus, in view of the doctrine that a pleading must be construed most strictly against the pleader, the complaint, so far as it proceeds upon the theory that Haworth held the stock as collateral security for the payment of the

fifteen hundred dollars due from Bartol, becomes *felo de se ;* and the matter thus far alleged only amounts, in logical effect, to an averment that Bartol was the owner of the stock, and while so the owner assigned it to Haworth in fraud of his creditors; yet the case seems to have been tried upon the theory that a pledge was averred and the plaintiff allowed to recover a judgment upon a finding of facts which at the out- set he declared to be pretended and false. This cannot be allowed without a gross violation of the rule which requires that the allegations of the complaint, the evidence and the findings should correspond in legal intent. The averment, the proof and the finding should harmonize and proceed upon the same theory, each pointing with logical distinctness to the same result. A recovery, if had, must be *secundum allegata,* and must be grounded upon the facts which are averred in the complaint, and not upon those which are denied.

There is another theory, perhaps, deducible from this anom- alous complaint, upon which the pleader seems to have relied for a recovery. That theory admits that the stock was trans- ferred by Bartol in fraud of his creditors, but seeks to avoid the consequences of the fraud by showing that Riddle and Eaton were his creditors, and that, inasmuch as they could, by compulsory legal measures, reach the stock in the hands of Haworth, and subject it to the payment of their demand against Bartol, they might, by amicable agreement between them all, accomplish the same result, and that this was done. This theory does not seem to be fully sustained by the allega- tions of the complaint, for it is not alleged in terms that the stock was transferred by Bartol in payment of any demand which Riddle and Eaton held against him, and that such was the case is wholly left to inference. But admitting that the complaint is sufficient to justify the conclusion that Bartol assigned the stock in part payment of his indebtedness, and therefore sufficient to sustain a recovery had upon the theory under consideration, still the judgment cannot stand, for the reason that the theory cannot be extended beyond the com- plaint, it being wholly unsustained by either the evidence or

the finding.  The averment that Riddle and Eaton were creditors of Bartol is denied by the answer, and no evidence in support of the averment was offered at the trial, or if so, it is not stated in the record; nor did the referee find the fact either way.

Thus the idea that Haworth held the stock as collateral must be discarded, because the fact is expressly denied in the complaint; and the idea that Riddle and Eaton were the creditors of Bartol must be discarded, because it is wholly unsupported by the evidence or the findings.  With these two ideas discarded the matters of fact alleged in the complaint, when stated most favorably for the plaintiff, amount to this: " Bartol was the owner of the stock in question, and while so the owner he fraudulently assigned the same to Haworth for the sole and only purpose of hindering, delaying and defrauding his creditors; that subsequently Bartol assigned for a valuable consideration to Riddle and Eaton, who in turn assigned to the plaintiff, both Riddle and Eaton and the plaintiff taking the assignment with full knowledge of Bartol's fraud; and that upon demand made Haworth refused to transfer the stock."  Can an action for the stock or its value be maintained upon these facts?  We think not.  However it might be otherwise, it is clear that the plaintiff, having taken the assignment (if such it can be called) with the full knowledge, as appears from his own averment, of the previous fraudulent transfer of his assignor, occupies no better position than would Bartol.  That Bartol could not maintain this action does not admit of a doubt.  A party cannot come into Court with a fraud upon his lips and obtain relief.  To such the halls of justice are not open.

The judgment must be reversed and a new trial ordered, with leave to both parties to amend their pleadings, and it is so ordered.