## THOMAS W. MOORE *v*. SAMUEL H. BESSE.

COMPLAINT FOR BREACH OF CONTRACT.—A complaint for breach of a contract must state a breach in unequivocal language.

FACTS TO BE STATED IN A COMPLAINT.—In a complaint, the necessary facts' to constitute a cause of action must be stated in unequivocal language, and not left to inference.

CONSTRUCTION OF A PLEA.—In pleading, doubtful language is construed most strongly against the pleader.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

This action was brought to recover damages for a breach of the following contract:

PESCADERO, Santa Cruz County, Cal.,
January 22d, 1864.

For value received, I promise to deliver T. W. Moore, or order, at Pigeon Point Warehouse, in said county, one thousand (1,000) sacks of good, clean, sound, merchantable potatoes, in good gunny sacks of the usual size, sewed up and ready for shipment. Such delivery to be made at any time between this date and the first day of February, (1866,) eighteen hundred and sixty-six, upon said Moore, on or before the first day of April, 1864, or on or before the first day of April, 1865, giving to the undersigned notice that he shall require the delivery thereof between the first day of November and the first day of February next following after such notice— none of said potatoes to be delivered before the first of November, after the notice, nor after the first of February; and if said notice shall be given, and I fail to deliver said potatoes, or any part thereof, I promise to pay the market value thereof, in Pescadero, in United States current gold coin.

(Signed:)                              S. H. BESSE.

The defendant demurred to the complaint. The Court overruled the demurrer, and the defendant having declined to

answer, judgment by default was rendered for plaintiff.   The defendant appealed.

The other facts are stated in the opinion of the Court.

*James C. Zabriskie*, and *Elisha Cook*, for Appellant, argued that under our practice the complaint must contain the same allegations to constitute a cause of action as were required at common law; and cited *Miller* v. *Van Tassel*, 24 Cal. 463; and that the breach of a contract must be unequivocally averred; and cited 1 Chitty's Pl. 362; and 1 Vansantford's Plead. 222, 223.   They also argued that Besse had until the first of February to deliver the potatoes, and that a refusal to deliver on the 4th of December was not a breach.

*Patterson, Wallace & Stow*, for Respondent, argued that a refusal to deliver the potatoes on the 4th of December was a breach of the contract, and gave an immediate cause of action; and cited *Hotchester* v. *De Latour*, 20 Eng. L. & Eq. 160; *Franchot* v. *Leach*, 5 Cowen, 508; and *Crist* v. *Amour*, 34 Barb. S. C. 387.


By the Court, SAWYER, J.:

The action is upon a contract to deliver one thousand sacks of potatoes.   Under the contract and the notice given in pursuance of its terms, the defendant was entitled to deliver the potatoes at any time between the first day of November, 1864, and the first day of February, 1865.   The point made, is, that no breach is alleged in the complaint, and that, in this respect, the complaint fails to state a cause of action.   The only averment which is claimed to state a breach is the following: "That on the 4th day of December, 1864, at Pescadero aforesaid, the defendant refused to deliver said one thousand sacks of potatoes, or any part thereof, to plaintiff."   It does not appear to us that this is an averment of a breach.   The most that can be fairly claimed for it, is, an allegation that defendant refused to deliver on that day.   But he was not required by his contract to deliver at that time.   He had nearly two

months left within which to perform. It is not averred that defendant refused to perform his contract, or to deliver at some future day within the time, or that he did not in fact deliver the potatoes within the time. There is no averment which shows that defendant renounced his contract, or declined to fulfil it in due time. Probably the cases cited by respondent are the strongest in his favor which could be found, yet there is no one of them in which the allegation does not distinctly show that the defendant had declined to perform the contract at all, and that he did not intend to fulfil it. The statement of the breach is much more specific than in this case. We do not think upon the averments in this case that a right of action had accrued on the 5th day of December. If the averments are insufficient to show that a right of action accrued at once, they are insufficient to show a breach at that time. If there was no breach on that day, there is nothing to show that there has been a breach committed since. Suppose the instrument had been an ordinary promissory note, payable on the 1st day of February, 1865, and the averment was, that on the 20th day of November, 1864, the plaintiff demanded payment, and "that on the 4th day of December, 1864, at Pescadero aforesaid, the defendant refused to pay the sum named, or any part thereof to the plaintiff," and there was no further averment to show that the note had not been paid at maturity, or since, would this be a good averment of a breach? We think not, and we can see no reason for making a distinction between the two cases. As the time for performance had elapsed before the commencement of the action, if there had been an averment that the potatoes had not yet been delivered, it would have been sufficient, but there is nothing of the kind, nothing but a refusal to deliver at a time when the defendant was not required by his contract to deliver. Clearly a breach must be stated, or there is no cause of action shown. The essential facts must be stated directly in unequivocal language and not left to be inferred. The language of a pleading, if doubtful, is construed most strongly against the pleader.

We think the complaint defective in not stating a breach,

and that the demurrer should have been sustained on that ground. The judgment is reversed and the cause remanded, with directions to the District Court to sustain the demurrer, with leave to plaintiff to amend his complaint upon the usual terms.