SMITH and others vs. WEAGE and another, impleaded, &c.

PLEADING.—*Amendment of complaint on making new parties, under ch.* 60, *Laws of* 1861 (*ch.* 168, *Laws of* 1864.)

In an action under the Mill Dam Act, additional defendants brought in under ch. 60, Laws of 1861 (ch. 168, Laws of 1864), *held* entitled, after answering, to have the action dismissed as to them, where the complaint did not state, and was not amended so as to state, a cause of action against them.

APPEAL from the Circuit Court for *Jefferson* County.

This was an action under the statute for the flowage of land by a mill-dam, and was brought originally against one Russ and one Chapman. Their answer stated, *inter alia*, that a part of the water-power created by said dam, and certain mills situate thereon, were owned by *Weage* and *Palmer;* and the court ordered these persons to be made defendants, and they filed answers. These show that each of them was the owner of one undivided third of certain premises about fifteen rods below said mill-dam, upon which was a mill, with the right appurtenant thereto of using a certain amount of water from the mill-pond created by the dam. Both answers allege that said defendants had no control of the dam, and no other interest in it than as above stated, and demand that the action be dismissed as to them, with costs &c. After the cause had been once tried, and the judgment reversed by the supreme court on appeal, and a *venire de novo* awarded (*Smith et al. v. Russ et al.,* 17 Wis., 227), it came on again for trial; and after the evidence for the plaintiffs was all in, *Weage* and *Palmer* moved to be dismissed

from the action, because it did not appear from the pleadings that they were owners or occupants of the dam or of mills connected therewith, or otherwise proper parties to the action. Motion denied. Many other questions were presented by the record, which need not be stated here. A verdict was rendered for the plaintiffs, and a judgment thereon against all the defendants ; from which *Weage* and *Palmer* appealed.

*Hopkins & Wakeley*, for appellants.

*Levi Hubbell*, for respondent, argued that the appellants were properly made defendants. 1. Using a large volume of water from the mill pond, they are directly and largely interested in the maintenance of the dam, and therefore approve and maintain it. 2. Having an easement in the dam, they have have a "control over it." Angel & A. on Water Courses, §§ 165, 158, and cases there cited : *Prescott v. White*, 21 Pick., 341 ; *Elliot v. Shepherd*, 12 Shep., 371 ; *Miller v. Scolfield*, 12 Conn., 344–5 ; *Pomfret v. Ricroft*, 1 Saunders, 323. 3. They are proper parties by the terms of the mill-dam act. R. S., ch. 56, sec. 6.

Dixon, C. J. The complaint contains no averment against the appellants, *Frederick A. Weage* and *Nelson H. Palmer*, and nothing to connect them with the subject of the action. They were brought in under an order of court dated March 27th, 1861, after the complaint had been filed and served upon the persons originally made parties defendant in the action. No amendment of the complaint was made so as to include the persons named in the order. The order is understood to have been made in pursuance of the requirements of chapter 60, Laws of 1861, afterwards repealed, and again enacted as chapter 168, Laws of 1864. The appellants moved at the trial to have the action dismissed as to them, because it did not appear from the pleadings that they were the owners or occupants of the dam, or mills connected therewith, or otherwise proper parties to the action. The court overruled the motion, and the

appellants excepted. This exception, among others, is now presented for review on appeal from the judgment.

For the respondents it is contended, that the appellants, having appeared and answered, could not afterwards object for the want of a proper complaint. The objection that no cause of action is stated in the complaint, is not waived by answer. It may be taken by way of objection to evidence, or at any time during the trial, and before verdict or judgment.

It was also contended that under the act of 1861, no amendment of the complaint was necessary. It is not so provided by the act, and the position rests upon every doubtful implication. It is implied from the fact that the legislature did not expressly declare that the complaint should be amended so as to state the cause of action or rights claimed against the defendants newly brought in. Perhaps it was thought that a rule of pleading so fundamental and universal required no legislative sanction. At all events, we cannot adopt the opposite rule, that no cause of action need be stated in the complaint, unless such intention on the part of the legislature is clearly made to appear. We think that the complaint should have been amended.

This disposes of the present appeal, and renders it unnecessary for us to speak of the other numerous exceptions. As the judgment may be reversed as to any or all of the parties, we reverse it as to the appellants, leaving it undisturbed as to the other defendants.

*By the Court.*—Ordered accordingly.

On a motion for a rehearing, *Mr. Hubbell*, for the respondents, argued, among other things, that inasmuch as the objection that the appellants were not named in the complaint had not been taken at the circuit court, where, if made, it could have been removed at once by an amendment, this court, if of the opinion that upon the facts admitted in their answers they could properly be made parties to the suit, should at most reverse the judgment with leave to amend the complaint, and should remand the cause to the circuit court for that purpose and no other.—The motion was denied. REP.