JOSEPH B. EMMAL *v.* WILLIAM S. WEBB, MARY L. WEBB, LEONARD M. BOTTLER, BARNEY KNOBLAUGH, THOMAS FOX, A. SCHUESSLER, AND JOHN M. FRONK.

| 36 | 197 |
|----|-----|
| 78 | 376 |
| 36 | 197 |
| 89 | 293 |
| 89 | 297 |

ACKNOWLEDGMENT MAY BE TAKEN BY DEPUTY COUNTY CLERK.—A Deputy County Clerk has authority to take the acknowledgment of a declaration of homestead.

OMISSION OF FINDINGS OF FACT—EFFECT OF.—Under the statute to regulate appeals, (Stats. 1861, p. 589,) which provides that a judgment shall not be reversed "for want of a finding, or for a defective finding of the facts, unless exceptions be made," etc., every material fact not found by the Court will be presumed to be consistent with the judgment.

IDEM—HUSBAND AND WIFE.—A finding by the Court that at the time specified W. and W., "*as husband and wife*," acknowledged a declaration of homestead, is in effect only a finding that W. and W. therein represented that they were husband and wife, and not that they were so at said date.

IDEM—FINDING OF A FACT BY INFERENCE.—To justify this Court in inferring a material fact, not expressed in the findings, from others which are expressly found, it must appear that the fact to be inferred follows inevitably from the facts found—that upon every conceivable theory of the case the non-existence of the fact to be inferred is inconsistent with the existence of the facts found.

IDEM.—ACKNOWLEDGMENT OF DECLARATION OF HOMESTEAD.—E. brought an action against W. and W. to foreclose a mortgage of lands on which, as appears from the facts found by the Court, W. and W. had, before the execution of the mortgage, filed a declaration of homestead, the acknowledgment of which was taken and certified by a Deputy County Clerk. This was the only fact found respecting said acknowledgment. The Court found, as a conclusion of law, that said declaration of homestead "was neither legally nor properly acknowledged," and gave judgment of foreclosure as prayed. *Held,* that by the terms "neither legally nor properly acknowledged," was meant, first, that said acknowledgment was not taken before a competent officer—in which conclusion the Court below erred; and second, that the acknowledgment was not in proper form—which conclusion, because it supports the judgment, and because there was no finding in respect to the form and substance of the acknowledgment, will be upheld on an appeal from the judgment on the judgment roll alone.

APPEAL from the District Court, Tenth Judicial District, Sutter County

The plaintiff had judgment as prayed, and defendant William S. Webb appealed.

The other facts are stated in the opinion of the Court.

*F. L. Hatch, P. W. Keyzer,* and *George Cadwalader,* for Appellant,

*G. N. Swezy,* and *Charles E. Filkins,* for Respondent.

The points and authorities made and cited in the briefs of counsel on appeal are stated and discussed in the opinion of the Court.

By the Court, SANDERSON, J.:

This is an action upon a promissory note and mortgage, both of which were executed by the defendants William S. Webb and Mary L. Webb, in June, 1861. The other defendants are alleged to have acquired some interest in the mortgaged premises subsequent to the execution and recording of the mortgage. The complaint, as originally filed, is in the usual form in such cases, and closes with a prayer that the amount due upon the note be ascertained, that the mort-

gaged premises be sold to satisfy the same, and that after the sale, if any portion of the amount due be found to remain unsatisfied, that the same be docketed as a personal judgment against the defendants William S. Webb and Mary L. Webb. It is not alleged in the complaint that the Webbs were husband and wife at the time the note and mortgage were executed, nor is anything said from which such a relation can be inferred.

None of the defendants answered except William S. Webb. In his answer he describes or speaks of himself and Mary L. Webb as husband and wife, both at and prior to the execution of the note and mortgage, but nowhere directly avers that they were such, or that he was the head of a family. The answer contains two defenses—one to the note, and the other to the mortgage. The former is a discharge under the insolvent laws of this State. The latter is, that prior to the execution of the mortgage he and his wife had secured a homestead upon the premises under the statute in relation to homesteads, as amended in 1860, (Stats. 1860, p. 311,) which has never been abandoned; that at the time of the execution of the mortgage the premises were the legal homestead of himself and wife, and the mortgage was, therefore, null and void under the statute of 1860.

Upon the coming in of this answer, the plaintiff, with leave of the Court, filed some amendments to his complaint, as against the defendant William S. Webb, in which he alleged that the homestead in question was a pretense and sham. That the Webbs were not husband and wife. That William S. Webb is not and was not a married man, nor the head of a family. That the note and mortgage were given by the Webbs for a loan of money to them by the plaintiff. That the loan was made at a place fifty miles distant from the mortgaged premises, and in a different county, and upon the false and fraudulent representation on the part of William S. Webb that the premises were free from incumbrance and were not held by him under any homestead claim. That the premises were and are of the value of ten thousand dol-

lars.  That for more than two years prior to the commence-
ment of the action the Webbs have ceased to reside upon
the premises, and have sold portions thereof to other per-
sons, and for that reason, and thereby, have abandoned the
same as a homestead; and in conclusion, it is claimed that
the mortgage is, in any event, a valid lien upon the prem-
ises as to their value in excess of five thousand dollars, and
that the plaintiff is entitled to a foreclosure upon that basis.

To the matter contained in these amendments, the defend-
ant William S. Webb, by leave of the Court, answered in
effect that William S. and Mary L. Webb were, at the time
their declaration of homestead was made, husband and wife,
and still are.  That the premises were then not worth to exceed
five thousand dollars.  That they never have abandoned the
premises as a homestead in the manner and by the means
prescribed in the Homestead Act of 1860; and that, there-
fore, their homestead claim upon the premises has been from
the outset and still is a valid claim, and was so adjudged and
set apart by the insolvent Court; and, therefore, that the
mortgage is an invalid lien for any purpose whatever.

All of the defendants except William S. Webb were
defaulted.  As between him and the plaintiff, the case was
tried without a jury, and comes here upon the judgment
roll.

The finding of facts and conclusions of law are as follows:

"First—That on the 19th day of June, 1861, the defend-
ants W. S. Webb and Mary L. Webb made, executed, and
delivered to the plaintiff their certain promissory note in
writing, for the sum of three thousand dollars, payable
twelve months after date, with interest at the rate of two per
cent per month from date until paid, and the only payments
that have been made thereon are the sum of sixty dollars,
paid July 20th, 1861, and the sum of sixty dollars, paid
August 7th, 1861.

"Second—That to secure the payment of the said note,
on the said 19th day of June, 1861, the said W. S. Webb

and Mary L. Webb executed their certain indenture of mort-
gage upon the premises described in the complaint, which
mortgage was, on the 5th day of October, 1861, acknowl-
edged by the said mortgagors, and on the same day duly
recorded in the Recorder's office of Sutter County.

"Third—That on the 25th day of April, 1861, the said
W. S. Webb and Mary L. Webb, *as husband and wife*, executed
a declaration of homestead upon the premises described in
said complaint and mortgaged, and upon which they resided
at the time, and acknowledged the same before the Deputy
County Clerk of Sutter County, acting for the County Clerk,
who affixed the seal of the County Court of Sutter County
to said acknowledgment, and the said declaration of home-
stead was filed for record and recorded in the office of the
Recorder of said county on the 25th day of April, 1861, and
that in recording the same the seal recorded in said record
was a notarial seal, and not the seal of the County Court.

"Fourth—That the defendant W. S. Webb, after the exe-
cution of said note and mortgage and before the commence-
ment of this action, was, by the decree of the County Court
of Sutter County, on the 30th day of December, 1863, dis-
charged from all his debts and liabilities under and by
virtue of the Insolvent Laws of this State.

"Fifth—That the defendants Bottler, Fox, Knoblaugh,
Schuessler, and Fronk have purchased of the said Webb and
Webb various fractions of the said premises, for which con-
veyances were executed and recorded, and are now in posses-
sion of said fractions; that said purchases and recording of
deeds were subsequent to the execution and recording of the
mortgage from Webb and Webb to plaintiff.

"Sixth—That there is due on said note the sum of six thou-
sand nine hundred and eighty dollars, and that the value of
the mortgaged premises at the commencement of this action
was from eight thousand to ten thousand dollars.

"From the foregoing facts the conclusions of law are:

"First—That the defendant W. S. Webb, by virtue of his

decree in insolvency, is discharged from all personal liability on said note, as is also the defendant Mary L. Webb, *being a married woman.*

"Second—That the declaration of homestead of W. S. Webb and Mary L. Webb, as against the mortgage of plaintiff, was neither legally nor properly acknowledged or recorded as required by law, so as to impart notice to third parties.

"Third—That the mortgage of plaintiff is a valid and existing lien upon all the premises described in the complaint to the amount due on said note and mortgage "

This finding is meagre. Many of the issues are not found, and some, if they can be said to be found at all, are found inferentially instead of directly, as they should have been. It is to be regretted that a case involving so many nice and important questions has come here in a shape so unsatisfactory. We cannot undertake to say where the fault lies in this instance; but we are satisfied that in many cases the fault lies in a most pernicious practice which is allowed to prevail to a great extent in the Courts below. We refer to the practice of allowing and adopting *ex parte* findings—not only *ex parte*, but findings drawn by the successful party, the party who, under the rule that a judgment shall not be reversed for the want of a finding, or for a defective finding, which the Legislature has seen fit to adopt, is interested in making the findings worthless for all the purposes which they are intended to subserve. In *Tewksbury* v. *Magraff*, 33 Cal. 247, we took occasion to express our condemnation of this practice. We refer to what was then said, and invite to it the attention of the Bench and Bar. If the practice there suggested is adopted, the evil which now exists will, in some measure, at least, be avoided.

Upon these findings the appellant makes two points: first, that the Court below erred in holding that the officer before whom the homestead declaration was acknowledged, being a *deputy* merely, was therefore incompetent to take the

acknowledgment; and, second, that the Court below erred in holding that the mistake of the County Recorder in recording the seal to the certificate of acknowledgment vitiated the record. The first is doubtless well taken, under the rule in *Touchard* v. *Crow*, 20 Cal. 150, and *Muller* v. *Boggs*, 25 Cal. 175. The second admits of debate. (*Ingoldsby* v. *Juan*, 12 Cal. 564; *Jones* v. *Martin*, 16 Cal. 165; *Smith* v. *Doll*, 13 Cal. 510; *Switzer* v. *Knapps*, 10 Iowa, 72; *Griffin* v. *Sheffield*, 38 Miss. 359.) It is unnecessary to decide the point, for reasons which will appear hereafter.

The statute provides that a judgment shall not be reversed for the want of a finding or for a defective finding. Under this provision we have repeatedly held that material facts not found must be presumed to be consistent with the judgment. To this rule the respondent appeals, and claims that some of the material and controlling facts in relation to the validity of the homestead declaration are not found, and must, therefore, be presumed to be consistent with the conclusion of the Court below, that it was invalid. For instance: It is claimed that it is not found that the Webbs were husband and wife at the time the homestead declaration was made, or that William S. Webb was at that time the head of a family, or that either of them was. That it is not found that the substance of the declaration was what the statute requires, or that the certificate of acknowledgment contained a statement of the facts which the law requires. That, conceding a valid homestead claim was established, it is not found that it was not abandoned prior to the execution of the mortgage.

That these defects exist in the findings cannot be denied. In the third finding of facts it is said that on the 25th of April, 1861, the Webbs, "*as husband and wife*," executed the declaration of homestead. That is not a finding that they were at that time husband and wife, but that they so represented themselves in the declaration. *Non constat* that they were husband and wife because it was so stated in the declaration.

Again. In the first conclusion of law it is stated that

William S. Webb is not liable upon the note, because he has been discharged under the statute in relation to insolvent debtors, and that Mary L. Webb is not, "*being a married woman.*"

Concede that this may be taken as a finding that Mary L. Webb was a married woman, it is, at the most, but a finding that she was married to somebody on the 19th of June, 1861, when the note and mortgage were executed. *Non . constat* that she was married on the 25th of April, 1861, when the homestead declaration was made, or that she ever was married to William S. Webb. For all that appears she may have been the sister in law of William S. Webb, or the wife of some other Webb not a relative of his. In no other part of the findings is the relation between the Webbs spoken of or referred to.

On the part of the appellant, however, it is argued that although the fact of marriage between the Webbs at the time the homestead declaration was made is not expressly found, yet that fact may be inferred from the general tenor and effect of the findings and conclusions taken together. With every disposition to disregard mere technicalities, we are unable to adopt this view. To warrant us in doing so, the fact to be inferred must follow inevitably from the facts found; or, in other words, the non-existence of the fact to be inferred must, upon every conceivable theory of which the case will admit, be inconsistent with the existence of the facts which are found, which, as we have shown, cannot be affirmed of the fact in dispute in this case.

But were we to adopt the construction of the appellant in relation to the fact of marriage, we should afford him only partial relief from the obstacles in his path. Concede that the Webbs were married at the time the homestead declaration was made, and that they thereby secured a valid homestead right in the premises, *non constat* but that they made and recorded a declaration of abandonment before the mortgage was executed, and it is not found by the Court that they did not. If they did, the homestead right became and

was non-existent at the time the mortgage was executed, and the latter was, therefore, valid, and the judgment of the Court what it ought to have been.

But could we get over this last difficulty, there are other insurmountable obstacles in the appellant's path. The second conclusion of law is that the homestead declaration was "neither legally nor properly acknowledged." While this language is not very clear and explicit, yet we understand its meaning to be that the declaration was not acknowledged before a competent officer, and the acknowledgment was not in proper form. The only fact found to which this conclusion has reference is that the acknowledgment was taken before a *Deputy* County Clerk. No fact as to the contents of the certificate of acknowledgment is found. The conclusion of law as to the competency of the deputy to take the acknowledgment, as already suggested, is erroneous; but we cannot affirm the same of the conclusion in respect to the form and substance of the certificate of acknowledgment, for they are not found.

These points on the part of respondent under-cut those made by the appellant, and render the affirmance of the judgment unavoidable.

Judgment affirmed.