No. 1,978.

GEORGE W. CROW·*et al.*, RESPONDENTS, *v.* THOMAS HILDRETH *et al.*, APPELLANTS,

PLEADING.—AMBIGUITY.—A complaint which in one part avers a covenant for a lease, and in another part states matter which constitutes the contract a present lease, is bad on demurrer for ambiguity.

APPEAL from the District Court of the Third District, Monterey County.

The facts are stated in the opinion.

*C. B, Younger*, for Appellants.

*First*—The complaint, if it shows any contract, did not show a breach of the contract by appellants. A breach of the contract by the party bound to perform is an essential part of the cause of action, and must be alleged in the complaint (*Brown* v. *Orr*, 29 Cal. 122), and must be stated in unequivocal language. (*Moore* v. *Bessé*, 30 Cal. 570.)

The contract stated in the complaint is not a mere agreement for a lease, but is a present lease. (*Thornton* v. *Payne*, 5 Johns. 75; *Hallett* v. *Wylie*, 3 Johns. 47; *Averill* v. *Taylor*, 8 N. Y. 44.)

The right of respondents to the possession of the premises was complete on the day the agreement was made. This gave them a right of entry, which was all that was necessary to enable them to maintain an action of ejectment against anybody detaining the premises. If the premises were withheld from respondents, their remedy was ejectment. (*Thornton* v. *Payne, supra; Gardner* v. *Ketellas*, 3 Hill, 330; *Whitney* v. *Allaire*, 1 N. Y. 311; *Roman* v. *Kelsey*, 18 Barb. 484.)

Ejectment lies for any interest in or claim to real estate, of which possession can be delivered by the Sheriff. (*Child* v. *Chappell*, 9 N. Y. 252.)

If the suit is for a breach of any implied covenant, to give the possession to respondents, the complaint is defective in not showing that they were prevented from taking possession, and by whom. (*Grannis* v. *Clark*, 8 Cow. 42.)

The complaint should have alleged by whom, if anybody, the premises were possessed; because, if by strangers, it was not the duty of appellants to take the necessary steps to put respondents into possession (*Gardner* v. *Keteltas, supra*); or if respondents had ever been in possession and been evicted by superior title, that should have been stated in the complaint. (*Kelly* v. *Dutch Church*, 2 Hill, 105; *Whitbeck* v. *Cook*, 15 Johns. 484.)

The complaint should have alleged performance of the substance of the agreement by respondents. (*Gillum* v. *Dennis*, 4 Ind. 417; *Hill* v. *Grigsby*, 35 Cal. 656.)

*Second*—The motion for a nonsuit should have been granted. If the complaint is to be read as merely alleging an agreement to give a lease, respondents' proof showed that a lease had been made. This variance was fatal. (*Gregory* v. *Haworth*, 25 Cal. 653; *Seale* v. *Emerson, Id.* 293; *Gyle* v. *Schoenbar*, 23 *Id.* 538; *Stout* v. *Coffin*, 28 *Id.* 65; *Masten* v. *Griffing*, 33 *Id.* 111; *Hathaway* v. *Ryan*, 35 *Id.* 188.)

If the agreement was a present lease, then there was no allegation and no proof of a breach.

*Third*—If the contract is to be regarded as a present lease, then there is a conflict in the finding, "which is the more fatal for being intestine." (*Crook* v. *Forsythe*, 30 Cal. 662.)

But the first point, that appellants made the lease, would "under-cut" the second, that they did not. (*Emmal* v. *Webb*, 36 Cal. 197; *Bernal* v. *Gleim*, 33 Cal. 669.)

*Julius Lee,* for Respondents, filed no brief.

Rhodes, C. J., delivered the opinion of the Court, Wallace, J., Temple, J., and Sprague, J., concurring.

The defendants demurred to the complaint, for the several causes mentioned in Section 40 of the Code. The complaint states that the defendants "covenanted and agreed with the said plaintiffs to lease to them" certain premises, for the term of one year then next ensuing; and in consideration thereof, the plaintiffs promised the defendants to pay them

certain sums of money at specified times. This is an aver-
ment of an agreement for a lease. In a subsequent part of
the agreement, it is stated that the contract was "in sub-
stance and to the effect, that they, the plaintiffs, were imme-
diately thereafter, or as soon as they, the plaintiffs, could
make the necessary preparation and arrangements, to enter
into and take the possession of the said premises, and have
the use and occupation thereof." This averment as clearly
imports a present lease, as the one before mentioned does
an agreement for a lease. The allegation of the breach does
not assist in solving the doubt, for it is general in terms,
that the defendants "have wholly neglected, failed and
refused to comply with the terms of their said agreement,
or to keep and perform any of their covenants, though often
requested so to do." The demurrer should have been sus-
tained on the ground of ambiguity. This is not mere matter
of form, for the plaintiffs would be entitled to a different
measure of damages if it is a lease, than they would be if
it is a contract for a lease. Treating the complaint as
averring a lease of the premises, the plaintiffs could not
recover in this action the rental value of the premises, for
they were entitled to the possession of the premises by vir-
tue of the lease, and it was their own fault, so far as the
case shows, that they did not take possession. If the con-
tract was an agreement for a lease, the plaintiffs, on a refusal
by the defendants to execute a lease, would be entitled to
recover the difference between the rental value and the con-
tract price. This defect in the complaint is not cured by
the findings—if it could be cured in that manner—for the
same ambiguity there appears. It is found that the defend-
ants "made a contract of lease with the plaintiffs, whereby
they agreed in consideration * * * * to lease to said
plaintiffs the premises."

Judgment reversed and cause remanded, with directions
to sustain the demurrer to the complaint.

By CROCKETT, J.: I dissent.