H. W. CURTIS & CO., PLAINTIFFS IN ERROR, v. M. B. CUTLER, DEFENDANT IN ERROR.

1. **Pleading:** REPLEVIN: AVERMENTS OF PETITION. The general averments in a petition in replevin that the plaintiff " has a special property in the goods, that he is entitled to the immediate possession thereof, and that they are wrongfully and unjustly detained from him," are mere propositions of law.

2. ——: ——: EVIDENCE. An objection to the admission of any evidence on the ground that the petition does not state a cause of action, may be taken at any time during the progress of the trial, and is not waived by answer or failure to demur. The objection is in the nature of demurrer *ore tenus* to the petition, and if it is totally defective, it is error to admit any evidence under such pleading.

3. ——: ——: DEFECTIVE PETITION: JUDGMENT. If a party proceeds to trial on such defective petition, which states no cause of action, he cannot, after verdict, and motion to set aside the same, take judgment on such verdict by then filing a petition setting out a cause of action.

ERROR to the district court of Saunders county.

It was an action in replevin brought by M. B. Cutler, sheriff of Cass county, Nebraska, the defendant in error, to recover the possession of specific personal property, under section 182 of civil code. Trial had before GASLIN, J., and a jury. Verdict for Cutler, upon which judgment was rendered.

*M. H. Sessions*, for plaintiff in error.

The petition does not state a cause of action. *Turner v. Roby*, 3 N. Y., 193. *Cornell v. Barnes*, 7 Hill, 35. *Loomis v. Wheeler*, 18 Wis., 524. The defect was not waived by answering, and the court erred in permitting evidence to be introduced under the same against the objection of the plaintiff in error. *Scofield v. Whitlegee*, 49 N. Y., 359. *Garner v. McCollough*, 48 Mo., 318. *Saulsbury v. Alexander*, 50 Mo., 142. *Smith v. Weage*, 21 Wis., 440–42. *Hays v. Lewis*, 17 Wis., 210. *Armstrong v. Gibson*, 31 Wis., 66. *Antisdel v. R. R. Co.*, 26 Wis., 145. The petition stating no cause of action, and the plaintiff in error objecting to any evidence being received for that reason, the objection should have been sustained, and the action dismissed. *Brewer v. Otoe County*, 1 Neb., 384. *Eaton v. Bartscherer*, 5 Neb., 469. *Harris v. Harris*, 10 Wis., 468.

*George S. Smith*, for defendant in error.

That there is sufficient alleged to state a cause of action in an action for the recovery of the possession of personal property, I think is clear under the authorities. *McCraw v. Welch*, 2 Colorado, 284. *Oaks v. Hyatt*, 10 Ohio, 344. *Grey v. Earl*, 13 Iowa, 188. *Mindin v. Elsas*, 36 N. Y., 66. *Simons v. Lyons*, 55 N. Y., 671. *Levin v. Russell*, 42 N. Y., 251. Where the intent of the pleader clearly appears from the pleading it can only be attacked by motion; demurrer will not lie. *Burr v. Boyer*, 2 Neb., 266. *Olcott v. Carroll*, 39 N. Y., 436. If demurrer will not lie, the objections urged by the plaintiff are in the nature of a demurrer and are not well taken.

GANTT, Ch. J.

At the commencement of the trial the plaintiffs in

error, who were defendants in the court below, "objected to the introduction of any evidence, upon the grounds that under the pleadings in the case, the defendant in error, who was plaintiff below, was not entitled to recover." In other words, the grounds of objection are substantially, that the petition states no cause of action. The objection was overruled, but in the progress of the trial, the defendant in error, by leave of court, filed an amended petition, to which the same objections were made to the admission of any evidence, and overruled.

In *Rothe v. Rothe*, 31 Wis., 572, it is said such an objection to the admission of evidence "is in the nature of a demurrer *ore tenus* to the complaint, and upon such demurrer, as upon any other, the court must determine from the facts alleged what the cause of action stated, or intended to be, is, and whether such statement is sufficient." *Garner v. McCullough*, 48 Mo., 318. The original petition does not state one essential fact which is requisite to constitute a cause of action in replevin. The general averments in the amended petition of the defendant in error, that: "he has a special property in the goods and chattels (describing them), and that he is entitled to the immediate possession thereof, and that they are wrongfully and unjustly detained from him," are mere propositions of law; and it seems clear that the facts pleaded do not support these averments. In this petition it is averred that: "by virtue of *an* execution issuing from the county court of Cass county, issued upon the order of plaintiff in execution upon two judgments rendered in said court in favor of Vallery and Ruffner, and against E. F. Bouton. Plaintiff further says that said judgment and execution has never been satisfied." That is all that is said about this execution, and then proceeds as follows: "And by virtue of two executions directed to the plain-

tiff *and sheriff* of said county, this plaintiff levied upon said goods and chattels *as the property* of E. Bouton."

It is averred that one execution was issued upon two judgments of Vallery and Ruffner, but there is no averment that this execution was levied on the goods in controversy, or upon any property whatever. In respect of the two executions mentioned in the next paragraph of the petition, it is impossible to imagine with any degree of certainty whence they were issued. There is no reference to any thing stated in the preceding paragraph of the petition, and there is no allegation that they were issued upon the judgments of any court whatever, and no direct averment that the goods levied *were the property* of E. Bouton. In all these respects the petition is fatally defective. It is said that the essential facts must be stated in unequivocal language, and must not be left to be inferred; and that the language of a pleading, if even doubtful, is to be construed most strongly against the pleader. *Moore v. Besse,* 30 Cal., 570. The objection that the petition does not state facts sufficient to constitute a cause of action, may be taken by way of objection to the evidence at any time during the progress of the trial, and it is not waived by answer or failure to demur. *Smith v. Weage,* 21 Wis., 442. *Armstrong v. Gibson,* 31 *Ibid,* 67. *Smith v. Whitney,* 22 *Ibid,* 438.

But after verdict and a motion to vacate the same and for a new trial, the defendant in error moved the court for leave to file an amended petition, which was granted. This petition sets out a cause of action; but we are of opinion that, under the circumstances of this case, this petition filed at this late period cannot avail the defendant anything. It is not a case in which a defective petition had been filed, or in which there is a variance between the proofs and the pleadings. "It is well settled that nothing will be presumed to have been proved, even after verdict, except what is alleged, or necessarily

implied from what is alleged, and that where the pleadings contain no allegations of facts showing a cause of action, it will not be cured by verdict." *Harris v. Harris*, 10 Wis., 468. In such case, in law there is no issue of fact to be tried, there is no material averment of facts showing a cause of action, and nothing can be presumed to have been proved in such a case. The pretended pleading is, in effect, nothing more than a paper filed, containing the names of certain persons. It is conceded that our statute of amendments, in furtherance of justice, should be liberally construed when such amendments are consistent with the rights of the parties interested.. And though it has been said that the discretion of the court to allow amendments is generally presumed to have been properly exercised, still a revising court will always regard such discretion a legal discretion, and will carefully look into the circumstances and extent of its exercise, for unless such discretion be cautiously and prudently exercised the amendments may result, not in the furtherance of justice, but in a wrong to the opposite party. *Doty v. Rigour*, 9 Ohio St., 533.

In the case at bar, both the original and amended petitions were totally defective. Neither of them would sustain a verdict or judgment in favor of defendant in error, and he could claim no right under them; therefore, the overruling of the objections taken by plaintiffs in error to admission of any evidence was error.

They had a right to rely on these objections, because there was no cause of action set out in the petition; and as said in 20 Wis., 242, "it is obvious that this case is not within the provisions of the code respecting amendments of the petition in case of a variance. That applies only when there is a cause of action set out in the petition."

The code provides that the petition "must contain a statement of the facts constituting the cause of action,

in ordinary and concise language, and without repetition." This is imperative, and if a party will proceed to trial without such petition, and especially against the objections of the adverse party, he cannot, after verdict and a motion to set aside the same, take judgment upon such verdict by then filing a petition setting out a cause of action.

Again, the evidence as shown by the record does not sustain the judgment even upon the petition filed after verdict. It is averred in this petition that the defendant in error seized and levied upon the property in controversy by virtue of two executions, issued upon two separate judgments recovered in the county court of Cass · county. The judgment rendered in this case is for the full amount of these two judgments, but the record clearly shows that there was no evidence whatever as to one of these judgments. Therefore, if the petition filed after verdict could be considered and taken as an amended petition in the case, still the verdict and judgment are not sustained by the evidence, and must be set aside. The judgment of the court below is reversed and the cause remanded, and upon payment of costs accrued after the commencement of the trial the defendant in error may file the proper petition and proceed to the trial of the cause.

JUDGMENT ACCORDINGLY.