Curia, per Savage. Ch. J.
The defendant demurs; and assigns eleven causes of special demurrer to the first count, .and eight to the second. Upon the argument, the defendants’ counsel-stated six grounds of general demurrer,
I shall consider some of them. It is objected, that the lease should have been described as without date; it being, in fact, dated April-, 1825. The plaintiff has declared upon it as executed on the-5th day of that month. He is right in so declaring. -Should it turn out on trial that it was made on a different day, a question of variance may arise; but that is no cause of special .demurrer.
The main question in the cause is, whether the covenants, relied-on in the declaration, are to be found in the lease,; and, -as there are no such express covenants, whether they are implied by any words made use of in the lease.
The gravamen in the declaration is, that the defendants’ testator" ¡leased Certain premises1 tb the plaintiff;; and cove *39 nanted that; he should have peaceable and quiet possession on the 1st of May, 1826; and for quiet enjoyment •thp term; but that the testator had no interest in the premises, nor any power to demise; and that the plaintiff could not obtain possession; being kept out by the rightful owner.
The words in the conveyance which are supposed to, Contain,, the above covenants, are “demise and grant” The effect of these words will be best understood by referring *to a few authorities. The opinion of Sir Jeffrey Palmer is thus quoted by writers on this subject: (Co. Litt. 384, a. Butler’s note, 332:) “ Give implies a personal warranty, and so is not always used. The word grant, in a lease for years, is a covenant in law, or as you may call it a general warranty, if it be not qualified by a covenant or warranty in fact; but if there be a covenant or warranty in fact, then it is restrained to the words of the covenant subsequent. But in an estate of inheritance where the fee passeth, then the word grant is neither a covenant in law nor a warranty.” The effect here given to the word grant has been uniformly admitted; and-acquiesced in by the courts in England and in this state; but I need only refer to the ease of Frost v. Raymond, (2 Caines, 194,) where the force and effect of the words dedi et, concessi are fully and learnedly considered by Kent, Ch. Justice ; who says, ,M it is well settled, that concessi, in a feoffment or estate of inheritance, implieth no warranty. It only creates a covenant in a lease for years.”[1]
*40 The effect of the word demise is considered in Holder v. Taylor, (Hob. 12.) The case is as follows: “Holden brought an action of covenant against Taylor; and de* dared for a lease for years made by the defendant by the word demise, which imports a covenant; and then shows that, at the time of the lease made, the lessor was not seised of the land, but a stranger; and so the covenant in law broken; but he did not lay any actual entry by force of his lease, nor any ejectment of the stranger, nor any claiming under him: whereupon it was objected, that no action of covenant would lie, because there was no expulsion; but the whole court was of opinion, that an action did lie; for the breach of the covenant was, in that the lessor had taken upon him to- demise that which he could not; for the word demise imports a power of letting as dedi a power of giving. And it is not reasonable to enforce the lessee to enter upon the land and so commit a trespass. But if it were an express covenant for quiet enjoying, then perhaps it were otherwise.” This case is cited by sergeant Williams, (1 Saund. 822, a. note 2,) who says *that an action of covenant lies against the lessor on the implied covenant in law upon the word demise; but it is not necessary, in order to support this action, that the lessee should be actually evicted; for the word demise implies a *41 a power to lease. Therefore, when a man demises lands to which he has not any title, an action of covenant will lie against him, although the lessee never entered; for he is not bound to commit a trespass.
In Nokes' case, (4 Co. 80,) it was resolved among other things, that for this covenant in law upon the words demise, grant, &c., an action of covenant lies.’ (Cro.Eliz. 674. Cro. Jac. 73, S. P.)
It is perfectly clear, therefore, that the words demise and grant import a covenant that the lessor had authority to make a valid lease of the premises. •
The declaration is, therefore, correct in stating Delvin to have covenanted that Grrannis should have, on the 1st day of May, 1826, "quiet and peaceable possession of the premises, &c.
The next subject of inquiry is, has the plaintiff shown in his declaration a breach of this covenant ? The averment is, that" Delvin, neither at the date of the lease, nor since, was seised of the premises; and had no interest therein which would authorize him to demise: and further, that the plaintiff could not enter on the 1st of May, 1826; but was, by the rightful owner or owners of the premises, or some "part thereof, hindered and prevented from entering on the said premises; and that he could not quietly have, hold, occupy and possess the same, &c.
It is objected, that no eviction is stated: the answer to which is, that no eviction was necessary; nor indeed could there be any eviction, when the lessee never had possession. The complaint is, that from want of title in the lessor, the lessee could not get possession; but was kept out by the true owner. Where the covenant is broken immediately, no eviction or disturbance need be shown. (6 John. 50.)
But I am of opinion the declaration is insufficient, in not stating that the title of the person keeping the plaintiff *out of possession existed at the date of the lease. Otherwise the averment in the declaration may be true *42 without showing a cause of action. The plaintiff may have been kept out of possession by the true owner; but that owner may have derived title under the plaintiff himself. In all cases where an eviction must be Stated, it is held to be necessary to aver that the eviction was had under a lawful title existing before, or at the date of the grant to the plaintiff; and an averment of lawful title, without this qualification, is bad after verdict. (2 Saund, 181, a. note (10;) 4 Co. 80, the third resolution in Nokes' case.) 1
The declaration is faulty, in stating more of the Covenants than compose the foundation of the action j and in setting out breaches Which most necessarily have been subsequent to his entry; though it is right in stating that part of the contract which is the foundation of the action according to its legal effect. It is sufficient, said Lord Ellenborotigh, in Clark v. Gray, (6 East, 567,) to state so much of the instrument as constitutes the contract, the breach of which is complained ofi (1 Chit Pl. 298 to 303, and the cases there cited.)
If, however, unnecessary matter be stated, which is foreign to the cause of action, it may be rejected as surplusage ; and does not vitiate. (1 Ch. Pl. 232, 3, 4.)
My conclusion, therefore, is, that the lease declared on, does contain a warranty of title on the part of the lessor, that he had power to make the lease in question; and that the lessee should have quiet and peaceable possession on the 1st of May, 1826; and that the plaintiff has declared properly, in stating the contract according to its legal effect. The declaration is defective, in not stating the particulars of the plaintiff’s being prevented from taking possession of the premises; that is, as to the person or persons who thus prevented him; and by what right; and in not showing a title at or before the date of the lease declared on.
The. subsequent covenants in the lease should not have been set forth, nor any breaches of them assigned; but being superfluous, that part may be rejected as Surplusage, and ts not, therefore, good ground Of a special demurrer.
*43 Ths defendants are entitled to judgment on the demurrer* with leave to the plaintiff to amend on payment of costs.
Rule accordingly.

 Upon this subject Mr. Chitty (Gen. Pr. 344, 345,) remarks: In a lease the words “grant” or “demise ” are held to amount to a covenant for quiet enjoyment, unless afterwards restrained by a qualified express covenant; and it may be implied from the lessor’s taking on himself to demise, upon which an action of covenant would lie by the lessee against the lessor in case of eviction. There is this distinction between express and implied covenants, that the latter are general and unqualified, but the former may be qualified in any manner according to the agreement of the parties. When a deed contains such an express qualified covenant, it will restrain the effect of the general covenant, which would have given a remedy in ease of an eviction from any title paramount to that of the covenantor, for which only the qualified covenant would be a warranty. This, therefore, is one reason why, in many cases, it might be advisable to rely upm the general implied covenant, *40 if there were not another countervailing objection, which induces parties to require an express covenant, when they can induce the lessor to insert the same, viz. that the general implied covenant is a personal stipulation, continuing only during the continuance of the estate of the covenantor, and determining therewith; whereas, by the express covenant, the covenantor binds himself, his heirs, executors, administrators and assigns, against either of whom a remedy may be had in any case after the death of the lessor. A case was recently decided, which illustrates this position. A tenant for life granted a lease for fifteen years, (not warranted by any power,) and which lease did not contain any express covenant for quiet enjoyment, but such a covenant was clearly implied from the word demise. The lessor, the tenant for iife, died, and after his death the lessee was evicted by the remainder-man, before the expiration of the fifteen years; and the lessee brought an action of covenant against the executor of the tenant for life, in respect of such eviction; but the court of Common Pleas determined that such action was not sustainable, because the implied covenant ceased with the estate of the tenant for life, out of which such lease was granted.