### H. & A. BARNEY vs. KEITH.

If an *estate for years* be granted by an indenture of lease, the words "grant
and demise" import covenants of warranty and for quiet enjoyment, and
such covenants may be stated in the declaration, although not contained
in the lease in express terms.

Although the quantity of interest, or the kind or nature of the estate intend-
ed to be granted is not specified, an estate for years will be deemed to be
granted, if from the whole instrument taken together, it is manifest that
such was the intent of the parties.  Reasons for deeming this an estate for
years.

Independent covenants,

DEMURRER to declaration.  On the 3d March 1828, the
parties entered into an agreement under seal, whereby the
defendant, for and in consideration of $80, to be paid in man-
ner after mentioned, " granted, demised, let, leased, and to
farm let" unto the plaintiffs three lots in the village of Syra-
cuse, to hold from 15th March, 1828, but specifying no term.
The plaintiffs covenanted to pay the defendant $80 : on the
signing and delivery of the agreement $20, and the residue in
three instalments, on the 15th days of June, September and
December after the date of the agreement; they further cov-
enanted to pay the taxes which should be assessed on the
premises for the term of one year, not to commit waste, to

keep the covenants contained in a certain lease described in <span>NEW-YORK,</span>
the agreement, and to waive notice to quit the premises. <span>May, 1830.</span>
The plaintiffs declared, setting forth the demise, and that the <span>Barney</span>
defendant covenanted that he had full power and lawful right <span>v.</span>
to lease, granted and demise the said lots of land, and that the <span>Keith.</span>
plaintiffs should have quiet and peaceable possession of the
same on the 15th March, 1828, and should quietly and peace-
ably hold and enjoy the same without the lawful let or evic-
tion of any person whomsoever. They then averred perform-
ance on their part; that on the 15th March, 1828, they of-
fered to receive possession of the lots, but that the defendant
had not power or right to lease, grant and demise the same,
and could not and did not deliver possession of the same to
the plaintiffs on that day or at any time since; and that one
Charles Beverly, on the day of the date of the agreement,
had and continued to have lawful title to the lots, and was in
the actual and lawful possession of the same, under and by
virtue of such title, and prevented and hindered the plaintiffs
from entering and possessing the same and expelled them
therefrom. Then followed the breach. The defendant cra-
ved oyer of the agreement, and demurred; the plaintiffs join-
ed in demurrer.

*H. Nolton,* for the defendant, insisted, 1st. The declara-
tion is defective in not averring payment of the $20 agreed
to be paid at the signing and delivery of the agreement; such
payment was a condition precedent, and the omission to pay
put an end to the contract. (1 Cowen, 257.) 2d. The
agreement not specifying the quantity of interest or the kind
or nature of the estate intended to be granted, by construc-
tion of law, a life estate is granted; and if so, a freehold,
to commence *in futuro,* which renders the agreement
void. (Coke's Litt. 42, *a* Touch. 87, 105.) 3d. There are
no covenants in the lease of the nature or character of
those set forth in the declaration; there are no express cov-
enants of the kind, and the words "grant and demise" do
not import a covenant by implication of law, as the lease
purports to convey a freehold estate. 4th. The declaration
is bad in not stating the interest intended, and in fact con-
veyed, to which the covenants set forth could apply.

*A. Mann, Jun.* for plaintiffs. The covenants are independent, and there is no condition precedent. The general averment of performance is sufficient. (Saund. 320. *a. n.* 4.) The grant to the plaintiffs was of a present interest, to take effect in possession at a day certain. (Bacon's Abr. tit. Grants, F. & I.) The estate conveyed is not an estate of inheritance, and the word "grant" imports a covenant to warranty in the conveyance of an estate less than of inheritance. (Co. Litt. 384, Butler's note, 382. 2 Cowen, 194. 8 id. 36.)

*By the Court*, Savage, C. J. The first objection is not well taken, as the covenants are independent. The payment of the first $20 is not a condition precedent; a general averment of performance is sufficient.

By taking the whole instrument together, it is apparent that the estate intended to be conveyed was less than an estate of freehold. The granting words are those applicable to estates for years; the interest conveyed is to take effect in futuro; the lessees are to pay taxes for *one year* from the 15th March, 1828, and are to waive notice to quit. These provisions are unmeaning in an instrument granting a freehold; and one of them would render it entirely void. The instrument must be so construed as, if possible, to give effect to every part of it. My conclusion is that an estate for years was created by the instrument declared on.

If an estate for years be granted by the instrument, the case of *Grannis* v. *Clark*, (8 Cowen, 36,) and the cases there cited, shew that the words "grant and demise" contain the covenants of warranty of title and for quiet enjoyment.

The rule in pleading in either to set forth an instrument in *its terms or according to its legal effect.* The plaintiffs here in stating the covenants have set them forth according to the legal import of the terms used, and as to the estate granted they have set forth the terms of the instrument, or nearly so. As for the purposes of shewing a right of action for a breach of the covenants of warranty and quiet enjoyment, it is only necessary to shew a term for years; it is not important at present, on general demurrer, to state whether the term was

for one year or more; for whether the estate be for one or more years is matter of construction for the court from what is stated; and in either case the plaintiffs have a right of action. It is important only in the assessment of damages, and when the cause progresses to that stage the court must instruct the jury. The plaintiffs, I apprehend, must have an interest for one year, and that is sufficient for the present enquiry. I am of opinion that the plaintiffs are entitled to judgment on the demurrer, the defendant having leave to amend on payment of costs.