## Case No. 17,806.

### WILSON et al. v. GRISWOLD.

[9 Blatchf. 267; [1] 15 Int. Rev. Rec. 27.]

Circuit Court, S. D. New York. Dec. 30, 1871.

CHARTER PARTY — IMPLIED WARRANTY OF SEA-
WORTHINESS.

W., by a charter party under seal, hired from G. a vessel, for a specified term, to be run, as a freight and passenger vessel, between New York and San Domingo, for so much per month, W. to supply, man and navigate the vessel, and G., in case of damage to her by the perils of the seas, to repair her, and no claim for charter money to be made during the time she should be unfitted for use on such route by such damage. The charter party contained no covenant that, at the time of the charter, the vessel was seaworthy. W. sued G., in covenant, averring such a covenant, and alleging a breach of it, in that the vessel was not seaworthy, so that the voyages stated in the charter party could not be commenced. G. demurred to the declaration: *Held*, that there was an implied covenant by G. that the vessel was seaworthy, or fit for the service for which she was hired, and that W. could aver such a warranty and declare on it, in covenant.

[Cited in Hubert v. Recknagel. 13 Fed. 913; The Edwin T. Morrison, 27 Fed. 141; The Director, 34 Fed. 64.]

[This was an action of covenant by Allston Wilson and others against John N. A. Griswold.]

William R. Darling, for plaintiffs.
Charles M. Da Costa, for defendant.

WOODRUFF, Circuit Judge. The plaintiffs declare upon a charter party, under seal, whereby the defendant charters to the plaintiffs, and the plaintiffs hire, the defendant's vessel, the steamer Norwich, for the term of four months from the date thereof, with the privilege to the plaintiffs of continuing the charter for an additional four months, the vessel to be run by the plaintiffs as a freight and passenger vessel, between the city of New York and a port or ports in San Domingo, at a fixed compensation of $1.500 per month, payable, $750 at the beginning, and $750 at the end, of each month, the plaintiffs to coal, victual, officer, man and navigate the vessel, with covenants by the plaintiffs against negligence or mismanagement in the care, conduct and navigation of the ves-

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

sel, and a covenant by the defendant, that, in case of damage by fire, collision, the breaking of machinery, or injury to the steamer, or other unavoidable accident, caused solely by perils of the seas, he will repair the same without delay, "so that the said steamer may resume service under this charter, and, if the said steamer shall become unfitted by such damage for use upon the said route, no claim for charter-money shall be made for the time she shall be so unfitted for business." There are many other provisions in the instrument, but there is no express covenant or stipulation, that, at the time of the charter, the said vessel is tight, staunch, and strong, well fitted and furnished, seaworthy, and fit for the uses and purposes in the charter party stated. The pleader has, nevertheless, averred such a warranty and covenant, and alleges a breach thereof, in that she was not tight, staunch, strong, well fitted and furnished, and was not seaworthy or fit for the uses and purposes in the charter stated, but was leaky, rotten, and utterly unseaworthy, and unfit, from inherent weakness and defects, for the purposes and voyages in the charter party stated, or to go to sea at all with cargo or passengers, by reason whereof, the voyage was never commenced, but the vessel was returned to the defendant. Various items and amounts of damage are averred and claimed by the plaintiffs.

The defendant, having obtained oyer of the instrument, demurs to the declaration; and thereupon two questions have been discussed by the counsel for the respective parties: (1) Whether, in this case, there was an implied covenant or warranty by the defendant, that the vessel was seaworthy, or was fit for the service for which she was hired, and which voyage, as one of the terms of the contract, he agreed to perform; (2) whether it was competent for the plaintiffs, in declaring, to aver such a warranty, if implied, or whether they should have proceeded in assumpsit, for the breach thereof.

(1) The general rule, that, in a contract of affreightment, there is an implied covenant or undertaking by the owner of the ship, that the ship is seaworthy, is not questioned. But, it is claimed that this is only incidental to his obligation, as a common carrier, to carry the goods safely, and that, therefore, when the owner lets his ship to hire without any undertaking either to carry goods, or to assume any duties, either in the navigation or supply of the ship, or in the conduct of the business in which she is to engage, the hirer acts at his peril, and the principle applies to him, as to a purchaser, "caveat emptor."

Looking to the terms of this charter, the purposes for which the ship was hired, the service prescribed to the hirers by the very terms of the instrument, and the obligation of the owner to repair, if, by perils of the sea, &c., she became unfit, every reason to infer a covenant of seaworthiness and fitness for the purpose, which can exist in any case of char-

ter, exists in this case; and, that such was the actual intent and meaning of the parties, inferrible from the contract, seems to me to admit of no doubt.

The text writers, in declaring, as all, without exception, to which I have referred, do, that the chartering of a vessel for the transportation of goods implies an undertaking that she is seaworthy, point out no distinction between a charter wherein the owner mans, victuals and navigates the ship, and a charter wherein the charterer assumes to do this. Nor is there any sound reason for such a distinction. In case of an ordinary bailment for hire, there is an implied undertaking or warranty that the subject of the letting and hiring is without faults or defects which prevent the due enjoyment or use of the thing. Story, Bailm. § 390; Edw. Bailm. 311; Sutton v. Temple (opinion of Lord Abinger) 12 Mees. & W. 52, 60. And so of a letting of a furnished house (Smith v. Marrable, 11 Mees. & W. 5); and selling a horse (Harrington v. Snyder, 3 Barb. 380). With especial reference to the chartering of a vessel, see, also, Add. Cont. p. 413; Abb. Shipp. 421, 422; 1 Pars. Shipp. & Adm. 284, 285; 3 Kent, Comm. 204, 205; Lyon v. Mells, 5 East, 428.

(2) As to the form of action, it is wholly immaterial whether the covenant be implied or express. If, from the specialty executed by the parties, the law implies such a covenant, it is, as respects the form of action thereon, as if it were incorporated therein in terms. In a legal sense, the law does incorporate the covenant therein. Assumpsit would not lie, for the reason, that, whatever the parties stipulated, was by their sealed instrument. See cases cited below. And, although it was competent for the pleader to have set out the instrument in totidem verbis, and alleged thereupon the want of seaworthiness as a breach, I see no reason why he might not in this, as in ordinary cases, declare upon it according to its legal effect. Randall v. Lynch, 12 East, 179; Lent v. Padelford, 10 Mass. 230; Grannis v. Clark, 8 Cow. 36; Barney v. Keith, 4 Wend. 502.

The plaintiffs must have judgment on the demurrer, but leave is given to the defendant to withdraw the demurrer and plead, upon the usual terms.