## Stott et al. *v.* Rutherford.

1. The words " grant " and " demise " in a lease for years create an implied warranty of title and a covenant for quiet enjoyment.

2. Where the lessors executed a lease and demised the lands in their own names, and not as agents, and the covenants of the lessee were all to them personally, and he entered into the lands, and remained in possession during the time specified in the lease, — *Held*, notwithstanding the recital in the lease that " the lessors were acting as a church-extension committee by authority and on behalf of the General Assembly of the Presbyterian Church, Old School," that the lease was competent evidence in an action brought by the lessors in their individual right to recover the rent; and that the lessee, having had the full benefit of the contract, could not dispute the title of the lessors. *Held further*, that the recital is not inconsistent with a holding of the

legal title by the lessors in trust to enable them to better discharge their duties touching the property; and, as their act presupposes the prior act necessary to make it effectual, every reasonable presumption is to be made in favor of the validity of the lease.

ERROR to the Supreme Court of the District of Columbia.
*Mr. W. A. Meloy* for the plaintiff in error.
*Mr. Walter S. Cox* and *Mr. L. G. Hine, contra.*

MR. JUSTICE SWAYNE delivered the opinion of the court.

This is an action of covenant brought upon an indenture of lease executed by the plaintiffs in error, and one P. D. Gurley, since deceased, to the defendant in error. The declaration sets out sundry breaches of stipulations contained in the lease. The defendant pleaded *non est factum,* and satisfaction of the claim of the plaintiffs by payment. Upon the trial, several bills of exception were taken by the defendant. They show that he made numerous points, all of which were overruled by the court. Only one of them requires consideration. He objected to the admission of the lease in evidence, upon the ground that it showed upon its face that the lessors had no title to the premises, and that the instrument was, therefore, a nullity. The court admitted the evidence, and an exception was regularly taken.

A verdict was rendered for the plaintiffs. The defendant moved for a new trial, and the case was heard by the full court in general term. That court ordered a judgment to be entered for the defendant, *non obstante veredicto.* The plaintiffs have brought the case before this court for review. The judgment of the court below proceeded solely upon the ground of the invalidity of the lease, and that subject is the only one argued here.

The lease created a term beginning on the first day of February, 1864, and to continue five years. It recites that the lessors, in making the lease, "were acting as a church-extension committee by authority and on behalf of the General Assembly of the Presbyterian Church, Old School." The leasehold premises are described as "being lot number four and part of lot number five," &c., "as now held by the parties of the first part," &c. The lessee covenants, among other

things, " that he will well and truly surrender and deliver up the possession of said premises to the said parties of the first part, their successors and assigns, in accordance with the stipulations herein contained, whenever this lease shall terminate."

It was provided that the lessors might terminate the lease for non-payment of rent, or otherwise, at their option, by giving the requisite notice. The language of the grant was, " have granted, demised, and to farm let." The words " grant" and " demise" in a lease for years create an implied warranty of title and a covenant for quiet enjoyment. *Burney* v. *Keith*, 4 Wend. 502 ; *Grannis* v. *Clark*, 8 Cow. 36 ; *Young* v. *Hargrave's Adm.*, 7 Ohio Rep., pt. 2, 68.

The declaration avers, " that, by virtue of which said indenture, the said defendant immediately thereupon entered into the occupancy and enjoyment of said premises and appurtenances, and was possessed thereof until about the first day of October, 1869, when he vacated such possession and occupancy, and the term of said lease was determined." This is not denied by the defendant's pleas, and is, therefore, according to a settled rule of the law of pleading, to be taken as admitted. The lessors executed the lease in their own names, and not as agents. They demised the premises in the same way. The rent was stipulated to be paid to them in their own right. The covenants of the lessee were all to them personally. If there had been a breach of the covenants of title and for quiet enjoyment, they would have been personally liable for the damages. The lessee entered into possession, and remained in possession, enjoying that possession as long as he chose to do so. He had, on his part, the full benefit of the contract.

When called upon to pay and perform as he had covenanted to do, he answered that the lessors had no title, and that he was in no wise responsible to them.

In *Laws* v. *Purser*, 6 Ell. & Bl. 932, the plaintiff, a patentee, had licensed the defendant to manufacture the article covered by the patent. After having done so, he refused to pay the royalty. The patentee sued him. He pleaded " that the letters-patent were void, and that he had a right to make and sell the article without the plaintiff's permission." The plaintiff demurred. The court said, " It would be monstrous

if the defendant, after such an agreement acted upon, could on this ground refuse payment." The demurrer was sustained.

There are two answers to the defence relied upon in this case.

The recital in the lease as to the character in which the lessors acted, and all that is said upon the subject in the bill of exceptions, are not inconsistent with their holding the legal title in trust to enable them the better to discharge the duties touching the property with which they were clothed. Every reasonable presumption is to be made in favor of the validity of the instrument which they executed. The act done presupposes the prior act necessary to give it validity. It is not stated in the bill of exceptions that the lessors had no paper title, but " that they possessed no estate whatever in said lands except such as pertained to the office of such committee, and have no estate therein in their individual capacity." The legal title in trust would be just such an estate as is here exceptionally and negatively indicated. We are all of the opinion that it is a fair inference from this language that the lessors had such an estate, or some other title in trust, sufficient to warrant their giving the lease and to render it valid.

We think the principle, that the lessee cannot dispute the title of his lessor, also applies.. We see nothing to take the case out of this long-settled and salutary rule. *Williams* v. *Mayor, &c.*, 6 H. & J. 529; *Stewart* v. *Roderick*, 4 W. & S. 189; *Coburn* v. *Palmer*, 8 Cush. 627. The rule applies with peculiar force where the lessor was in possession, and transferred that possession upon his faith in the validity of the lease to the lessee. Taylor's Land. and Ten., sect. 707.

Whether the testimony set forth in the bill of exceptions, as to the title of the plaintiffs in error, was competent, is a question not raised before us, and upon which we therefore express no opinion.

According to the views upon which the judgment below was given, the lessee could not only refuse performance of all his covenants, but, at the end of the term, he could have held possession in defiance of his lessors, and he could have continued to hold possession until they showed a valid title in a suit brought to enforce it, or until such a title in such a suit

was shown by some other party.  This, we think, would be contrary alike to reason, justice, and the law.

> *Judgment reversed; and cause remanded with directions to enter a judgment upon the verdict in favor of the plaintiffs in error.*