EZEKIEL WARE *vs.* LLEWELLYN W. LITHGOW.

Kennebec. Opinion February 16, 1880.

*Declaration. Covenant broken. Demurrer.*

When the declaration does not allege an eviction of the plaintiff by the defendant's grantee, nor the taking of anything from the premises leased, an action on the covenant for quiet enjoyment cannot be maintained.

ON EXCEPTIONS.

WRIT is dated July 21, 1874.

The defendant filed a general demurrer to the declaration, which was joined. The presiding judge sustained the demurrer and adjudged the declaration bad, and the plaintiff alleged exceptions.

Declaration.—"In a plea of covenant broken, for that whereas, heretofore on the seventeenth day of March, A. D., 1865, at said Augusta, by a certain indenture then and there made between the said plaintiff of the one part and the said defendant of the other part, one part of which indenture, sealed with the seal of the said defendant the plaintiff now brings into court, the date whereof is the day and year aforesaid, the defendant did lease, demise, and let unto the plaintiff a certain parcel of land situate in said Augusta on the east side of the river and bounded northerly by land formerly owned by the late Samuel Patterson, deceased, easterly by the lot owned by Mrs. Mercy Kittridge, southerly by the Belfast road leading over Malta Hill, so called, and westerly by lots sold off as aforesaid and by the soap factory lot, and by Bangor street, for the term of three years, from the first day of April, A. D., 1865, with the privilege of extending the lease five years, reserving the right to take and occupy, or to sell any portion of said premises on certain terms therein stated; that on the twenty-fourth day of June, A. D., 1870, said lease was duly and formally extended for the term of five years, from the seventeenth day of March, A. D., 1870. Now the plaintiff avers that the said defendant, in the year 1866, leased a portion of said premises, to one Brann, at a rent of

fifteen dollars a year; and another piece of about an acre and three-fourths in the fall of 1870, to one J. B. Wendall, at a rent of sixty dollars a year, and the following year, about a half an acre more to the same man, and in 1871 another portion, to one Wilson, at a rent of thirty-five dollars a year, and has continued to receive the said several rents to the present time, and has, the present season, sold the grass off from the remainder of the land described in the plaintiff's lease; also leased about an acre to one Folsom, all in violation of the defendant's said lease, and so the said defendant, his covenant aforesaid hath not kept, but hath broken the same. To the damage of the said plaintiff (as he says) the sum of six hundred dollars which shall then and there be made to appear, with other due damages."

*S. Lancaster,* for the plaintiff.

But a single point is raised by the general demurrer, viz : Will this form of action lie for the causes set forth in the writ? *Dexter* v. *Manley,* 4 Cush. 14, seems to cover the whole ground. Counsel also cited : Taylor's Landlord and Tenant, 3rd. ed. § § 305, 313 ; 2 Greenl. Ev. 2d. ed. § 243. Defendant is sued only for the subsequent leasing and consequent eviction.

*G. C. Vose* and *E. W. Whitehouse,* for the defendant, cited : *Boothby* v. *Hathaway,* 20 Maine, 251; *Stafford* v. *Annis,* 7 Maine, 168; *Hardy* v. *Nelson,* 27 Maine, 525 ; *Reed* v. *Pierce,* 36 Maine, 455 ; *Waldron* v. *McCarty,* 3 John. 471 ; *Webb* v. *Alexander,* 7 Wend. 281 ; *Kelley* v. *Dutch,* 2 Hill. 105 ; *Kerr* v. *Shaw,* 13 John. 236 ; *Trustees of Newbury* v. *Gelatian,* 4 Cow. 340 ; 2 Chitty's Pl. 16 ed. 201 ; and cases there referred to. *Ellis* v. *Welch,* 6 Mass. 246 ; *Farris* v. *Smith,* 11 Rich. (S. C.) 80 ; *Knapp* v. *Marlboro,* 34 Vt. 235.

APPLETON, C. J. This is an action of covenant broken, for the breach of the covenant for quiet enjoyment. The defendant filed a general demurrer to the declaration which was joined. The presiding justice sustained the demurrer and adjudged the declaration bad.

The declaration sets forth that "the defendant did lease, demise and let unto" the plaintiff, a certain parcel of land situate in said Augusta, &c.

The word "demise" in a lease, implies a covenant for quiet enjoyment. This word imports a covenant that the lessor had authority to make a valid lease of the premises. *Grannis* v. *Clark*, 8 Cow. 36 ; and a covenant for the quiet enjoyment of the premises leased. *Barney* v. *Keith*, 4 Wend. 502 ; *Crouch* v. *Fowle*, 9 N. H. 219. Though the covenant be an implied one, it may be stated according to its legal effect, *Dexter* v. *Manley*, 4 Cush. 14.

The declaration is fatally defective in not setting forth any breach of the covenant for quiet enjoyment. The allegations are, that the defendant leased portions of the premises to certain persons, and sold to another the grass on the remainder. It is nowhere stated that his lessees have entered on the premises leased, or interfered with the plaintiff's quiet enjoyment of the same, or that the vendee of the grass has cut or carried away any. No eviction is alleged. No tortious interference with any of the plaintiff's rights is disclosed. Every allegation in the writ may be true, and the plaintiff may have been in the quiet enjoyment of the premises leased.

*Exceptions overruled.*

WALTON, BARROWS, DANFORTH, LIBBEY and SYMONDS, JJ., concurred.