(16 Misc. Rep. 43.)

### SEGAL v. ENSLER.

(Supreme Court, Appellate Term, First Department.    February 26, 1896.)

1. LANDLORD AND TENANT — BREACH BEFORE COMMENCEMENT OF TERM — LIABILITY OF LESSEE.
    Notice by a lessee to a lessor before the commencement of the lease of his refusal to take possession under the lease and pay the balance due under it for rent, renders him immediately liable to an action by the lessor for damages for breach of the lease.

2. SAME—DAMAGES.
    In an action by a lessor for breach of lease by the lessee giving notice before commencement of the term of refusal to take possession or pay rent under it, an amount equal to the rent reserved for the term, less an advance payment, was properly allowed as damages where there was no evidence that the lessor occupied or derived any benefit from the demised premises during the term.

3. SAME—TENDER OF PERFORMANCE BY LESSEE DURING TERM.
    A lessee cannot, after breach of the lease, before commencement of the term, by giving notice of refusal to take possession or pay rent under it, put the lessor in default by tendering performance during the term.

Appeal from Fifth district court.

Action by Joseph Segal against Hyman Ensler for breach of lease by failure to take possession as lessee and pay rent.    From a judgment for plaintiff, defendant appeals.    Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Abraham D. Levy, for appellant.

Sol. A. Hyman, for respondent.

BISCHOFF, J.    The facts determined by the justice upon sufficient evidence are that on March 22, 1895, the plaintiff and the defendant entered into an oral contract whereby the plaintiff agreed to let and the defendant to take certain apartments, at the time in the possession of another, and situated in the plaintiff's premises, for the term of one month, commencing on the next succeeding 1st day of April, at the rental of $25, payable in advance, $5 whereof were paid

at once; and that thereafter, and before the commencement of the term, the defendant notified the plaintiff of his refusal to enter into possession of the demised apartments, and to pay the balance of the rent as agreed.   The plaintiff was awarded recovery of $20, and the judgment is assailed upon two grounds:   Firstly, that, inasmuch as it was undisputed that the plaintiff failed to give possession of the demised apartments upon the defendant's demand after the commencement of the term, and while the former occupant continued in possession, no recovery whatever should have been allowed; and, secondly, that an incorrect measure of the plaintiff's damages was applied.   Neither ground is well taken.   The controversy was to be determined by the rules of law which ordinarily prevail in the cases of contracts.   The defendant's repudiation of the contract, though before the commencement of the term, constituted a breach of performance on his part, which entitled the plaintiff to maintain an action forthwith for the resulting damages.   Howard v. Daly, 61 N. Y. 362.   The case cited was one of a contract of service, but in principle it is not distinguishable from the one at bar.   No sound reason can be advanced why an employé should not be required to await his employer's change of mind while the lessor should be subject to the caprice of his lessee at the risk of being unable to let his premises to another after the time for the commencement of the term has arrived; and the principle laid down in Howard v. Daly was applied to the case of a vendor and vendee, where it was held that the vendee's notice of his intention, before the time fixed for the delivery of the goods, not to accept them, entitled the vendor to treat the contract as broken, and to maintain an action for damages for such breach. Windmuller v. Pope (N. Y. Ct. App.) 14 N. E. 436.

The measure of the plaintiff's damages for the defendant's breach of contract was the rent reserved for the term, less the payment on account, and the amount received for the use and occupation of the demised premises during the term, from others.   Gear, Landl. & Ten. § 12;  Cleveland v. Bryant, 16 S. C. 634.   At the time of the trial in the case at bar the term had expired.   It was not shown that the plaintiff occupied the demised apartments or otherwise derived any advantage therefrom during the term, and the recovery was limited to the balance of the rent which the defendant had agreed to pay. No error with regard to the computation of the damages awarded therefore appears.   Bassett v. French, 10 Misc. Rep. 672, 31 N. Y. Supp. 667.

Obviously, the question which the defendant's counsel sought to raise upon the argument of this appeal—whether, in the case of a lease of such short duration that the incoming lessee may not avail himself of existing remedies to secure possession from a third person wrongfully withholding it, before the expiration of his term, there is not imported into the contract an implied undertaking on the part of the lessor to deliver such possession, contrary to the rule adjudged in the case of a lease for a longer period (Insurance Co. v. Scott, 2 Hilt. 550)—is not presented by the facts determined upon the trial as they appear from the record.   The contract of lease was terminated by the defendant's breach before the commencement of the

term; and, should we assume the rule to be consistent with the contention of the defendant's counsel, it remains that it was optional with the plaintiff to waive the defendant's breach, and to reinstate the contract with its original effect.    After a breach of the contract by one of the contracting parties, it is not competent for him to place the other, whose performance was prevented by the breach, in default, by a tender of performance.    Windmuller v. Pope, supra.

The judgment should be affirmed, with costs.    All concur.