(27 Misc. Rep. 555.)

GOERL v. DAMRAUER et al.

(Supreme Court, Appellate Term.    May 24, 1899.)

1. LANDLORD AND TENANT—RIGHT OF ENTRY—LEASE—DISPOSSESSION.
    Where, by failure to terminate a prior tenancy, the lessor is unable to give right of entry at commencement of a lease, with covenants of title and quiet enjoyment, the lessee is not bound to accept the premises on a subsequent tender; and hence, not having become a tenant, action to dispossess him will not lie.

2. SAME—TENANT PRO TANTO.
    The fact that right of entry of part of the premises is conferred at the commencement of the lease does not make the lessee a tenant pro tanto.

Appeal from municipal court, borough of Manhattan, First district.

Summary proceedings to dispossess by Martin Goerl against Isidor Damrauer and others.    There was a judgment for plaintiff, and defendants appeal.    Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Christian G. Moritz, for appellants.

Louis Levy, for respondent.

LEVENTRITT, J.    On the 25th day of August, 1898, the respondent leased to the appellants, in writing, the store floor and basement of the premises No. 189 Spring street, for the term of three years from the 1st day of September, 1898, at the yearly rent of $504, payable in equal monthly installments in advance.    The lease contained the usual covenants.    At the time of its execution one Jacob Shivitz was in possession of the store as a monthly tenant.    Dispossess proceedings were begun against him by the respondent, as landlord, in the month of September, 1897; but, the requisite statutory notice not having been given (Laws 1889, c. 357), the proceedings were necessarily withdrawn, and Shivitz remained in possession throughout that month.    Upon his failure to oust Shivitz, the respondent offered to return to the appellants the rent they had advanced for that month. A proper notice of election to terminate the tenancy having been duly served on Shivitz, requiring him to remove on the 1st day of October, and he having disregarded that notice, summary proceedings were again instituted, and resulted on the 7th of that month in an order awarding possession of the premises to the landlord.    Thereupon the respondent requested the appellants to take possession of the store and basement.    This they refused to do.    Thereafter, and

on the 2d day of November, although the appellants had never occupied the premises, the respondent brought these proceedings to dispossess for nonpayment of rent for the month of November, and obtained a final order, from which this appeal is taken.

This order cannot be upheld, as it presupposes the conventional relation of landlord and tenant, which did not exist. Benjamin v. Benjamin, 5 N. Y. 383. While it was not incumbent on the lessor to place the lessees in actual possession (Insurance Co. v. Scott, 2 Hilt. 551), it was necessary for him to give the lessees the legal right of entry and enjoyment during the term; else there would be a breach of the covenants of title and quiet enjoyment (Gardner v. Keteltas, 3 Hill, 330). By his lease the landlord obligated himself to give legal possession on the 1st day of September. His own acts, or rather his omission to act, in that he failed to give the statutory notice to Shivitz, defeated his right of entry, and he could not confer on his lessees a right which he himself did not enjoy; and, having violated his contract, the lessees were relieved of all liability under the lease, and never became the tenants of the respondent. If the tenancy of Shivitz had been terminated at the time the lease, by its terms, became operative, and Shivitz would have held over, then the case of Gardner v. Keteltas, supra, invoked by the respondent, would apply; for, his term having expired, his continued occupancy would have been that of a stranger, and the appellants' remedy would have been against him, and not against the lessor. But in the case at bar the tenancy of Shivitz had not expired. He, and he alone, was rightfully in possession during the month of September, and it was only between him and the respondent that the conventional relation of landlord and tenant existed.

When in October the respondent was finally able to give legal possession of the premises, the appellants were not bound to accept it, as time was of the essence of their contract. Nor did the fact that legal right of entry to a part of the demised premises was offered make them tenants pro tanto. They were not bound to accept a part. Under the lease, they were entitled to the whole subject of the demise. Kelsey v. Ward, 38 N. Y. 83; O'Brien v. Smith (Sup.) 13 N. Y. Supp. 408. The order must be reversed.

Order reversed, with costs to the appellants. All concur.