(30 Misc. Rep. 459.)

DODD v. HART.

(Supreme Court, Appellate Term.  February 8, 1900.)

EVICTION OF LESSEE—HOLDING OVER BY FORMER TENANT.
    The continued occupancy of leased premises by a former tenant, unlawfully holding over under an expired lease, is not a defense to summary proceedings for the eviction of the lessee for nonpayment of rent, since it is the duty of the lessee, and not that of the landlord, to dispossess a person unlawfully in possession.

Appeal from municipal court, borough of Manhattan, Seventh district.

Summary proceedings by Adele Sturges Dodd, landlord, against Peter L. Hart, tenant, for the eviction of the tenant from certain leased premises.  From an order granting eviction, the tenant appeals.  Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

William McArthur, for appellant.

LEVENTRITT, J. The parties to this proceeding entered into a written lease by which the appellant acquired the right of possession of certain premises for a period of two years from the 1st day of May, 1899. Prior to that time one Harriet Bohm had been the tenant, and, though her lease had expired, she was still in occupancy when the appellant moved in. By an agreement made between her and the wife of the appellant, she retained two rooms, for which she paid a stipulated consideration. The tenant, after having paid the full rent reserved for a period of three months, defaulted, whereupon these proceedings were instituted. The answer set out as a sole defense the failure of the landlord to put him in possession of the entire premises, owing to the continued occupancy of Harriet Bohm, and therefore claimed release from the covenant to pay rent. We may accept the version of the appellant, that the agreement made by his wife was without his knowledge, authority, or concurrence, and disregard the strong evidence tending to establish a ratification by him. The duty to dispossess Harriet Bohm devolved on him, not on the landlord. If the appellant desired to repudiate the agreement, it was incumbent on him to oust her. He had the legal right of entry to the entire premises. The respondent was not obligated to place him in actual possession. The covenants of title and quiet enjoyment involve no warranty against the acts of strangers having no title, and the remedy of the lessee is to remove the person wrongfully holding over. Chaplin, Landl. & T. 590; Gardner v. Keteltas, 3 Hill, 330; Insurance Co. v. Scott, 2 Hilt, 550. And see Goerl v. Damrauer, 27 Misc. Rep. 555, 58 N. Y. Supp. 297. It follows that the order was properly granted, and should be affirmed.

Order affirmed, with costs to the respondent. All concur.