(49 Misc. Rep. 443)

## KOSOWER v. SANDLER.

(Supreme Court, Appellate Term. March 15, 1906.)

1. APPEAL—HARMLESS ERROR.

   Where a defense involved no controverted facts and the legal effect of the evidence concluded the case against plaintiff, errors on other issues did not affect the result.

   [Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 4033.]

2. JUDGMENT—RES JUDICATA—PERSONS CONCLUDED—PRIVITY.

   In a proceeding by a landlord to dispossess a tenant, the latter asserted a new lease from a lessee of the landlord, and the issue was whether the lease covered the premises occupied by the tenant. The tenant had successfully resisted a prior proceeding by a third person under a lease of the landlord on the same issue. The prior proceeding was instituted with notice to the landlord, who was liable over to the third person if possession could not be acquired as against the tenant. *Held*, that the order in favor of the tenant in the prior proceeding was res judicata in the proceeding by the landlord.

   [Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 1207.]

On reargument. Former opinion reversed, and order of trial court affirmed.

For former opinion, see 96 N. Y. Supp. 734.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Feltenstein & Rosenstein, for appellant.

Steuer & Hoffman, for respondent.

PER CURIAM. While errors were committed at the trial, as pointed out in the opinion rendered upon the appeal, these errors would appear, upon further examination, to offend no substantial right of the appellant, since the final order was necessarily rendered in favor of the tenant respondent, in view of the defense of an estoppel by former

98 N.Y.S.—5

adjudication. This defense involved no controverted facts, and the legal effect of the evidence was to conclude the case against the landlord; hence errors in the course of the litigation of other issues could not well have affected the result.

The landlord sought to dispossess the tenant as a hold-over, the tenant asserted a new lease from one Deutschman, a lessee of the same landlord, and the issue was whether this lease covered the premises occupied by the tenant. An earlier proceeding, instituted by one Rothman, another lessee of this landlord, against this tenant, was successfully resited by the tenant upon the same issue, to wit, the existence of a lease from the superior landlord, through Deutschman, covering, as matter of actual understanding between the parties, these same premises. Rothman could properly maintain that proceeding if Sandler's term had, as then alleged, expired (Gardner v. Keteltas, 3 Hill, 330, 38 Am. Dec. 637; Goerl v. Damrauer, 27 Misc. Rep. 555–557, 58 N. Y. Supp. 297), and the issue whether he had or had not a new lease was necessarily the direct question in the case. The earlier proceeding was instituted by Rothman, with notice to Kosower, the principal landlord, who was liable over to Rothman if possession could not be acquired as against that tenant (Sandler), and the issue was litigated with the substantial participation of Kosower, who was ultimately concerned.

Under these circumstances, the law finds privity between the immediate claimant and the person, not a party, who is liable over upon the same facts and who has had notice of the litigation which thus intimately concerns him, the rule being founded upon public policy, which does not favor a second litigation of facts once determined, substantially, as to all parties in interest, although not formally parties of record. Prescott v. LeConte, 83 App. Div. 482, 82 N. Y. Supp. 411; 178 N. Y. 585; Carleton v. L. A. & Co., 149 N .Y. 137, 43 N. E. 422. Within this rule the final order in favor of the tenant in Rothman's proceeding was an adjudication operative as against this landlord (Tyree v. Magness, 1 Sneed [Tenn.] 276), and the final order appealed from has thus apparent ground of support.

Final order affirmed, with costs.