SAUL MAYER, Appellant, v. RAPHAEL SERIL, Respondent.

(Supreme Court, Appellate Term, First Department, January, 1917.)

Statute of Frauds — when agreement within the — lease — actions — damages — contracts — counterclaim — evidence.

The parties to this action orally agreed that defendant should lease a certain store for a term of two years in his own name, assume personally the status and liability of a tenant as between himself and the landlord, that plaintiff and defendant should each occupy one-half of the premises and that plaintiff should pay to defendant one-half of the rent. Held, that

whether the oral agreement was intended to result in a sublease by defendant and not in a joint control of the premises it was within the Statute of Frauds and void.

After the making of the lease, plaintiff and defendant to their mutual satisfaction apportioned to each other the exact part of the store to be occupied by each, and plaintiff, after payment to defendant of one-half the amount of the rent for the first month of the term, notified defendant, who refused to give plaintiff a lease for one-half of the store, that he would not carry out the agreement. In an action to recover the amount of the deposit made by plaintiff and for damages for breach of the agreement, the actual nature thereof was thoroughly litigated after the court had dismissed the complaint on the ground that the oral agreement was void under the Statute of Frauds, but, holding in substance that the agreement was in the nature of a joint venture, the court refused to dismiss defendant's counterclaim for plaintiff's breach of the agreement. *Held,* that the verdict in favor of defendant on the counterclaim was not against the weight of evidence but that the judgment entered thereon should be reversed and the counterclaim dismissed on the ground that the agreement was void under the Statute of Frauds.

Whitaker, J., dissents.

APPEAL by plaintiff from a judgment of the City Court of the city of New York, entered on a counterclaim in favor of defendant for the sum of $1,260, together with costs, after a trial before the court and a jury.

Cohen, Haas & Schimmel (Isidor Cohen and J. M. Cohen, of counsel), for appellant.

Emanuel Greenberg, for respondent.

LEHMAN, J. The defendant has leased certain premises at 486 Broadway for the term of two years at an annual rental of $2,750. Before the defendant entered into this lease the plaintiff and the defendant had entered into an agreement that they would each occupy part of the premises for their respective businesses

and each pay half of the rental, and about the time when the lease to the defendant was actually executed the plaintiff paid to the defendant one-half of the amount of the rental for the first month. The lease itself provides that the premises are leased to the defendant "for his business as a dealer in cotton goods and not otherwise," and also contains a provision against subletting. The plaintiff is not a dealer in cotton goods. The plaintiff claims that his agreement with the defendant was that the defendant should give him a sublease of one-half of the store and that the defendant refused to execute such a sublease. He, therefore, brings this action to recover damages for the defendant's breach of this alleged agreement. The defendant's answer denied these allegations and set up as a counterclaim that the plaintiff and the defendant mutually agreed that they would rent certain premises jointly, to be used for the purpose of carrying on their respective businesses, and that it was further agreed "that each was to occupy one-half of any premises which they would hire and each pay one-half of the rental thereof." That pursuant to this agreement the parties selected the premises at 486 Broadway and leased the same and that the parties agreed that the lease be executed by and to the defendant and that the liability for the payment of the rent and the performance of the covenants of the lease was to be the same, as between the plaintiff and the defendant, as "though the lease were executed by and to the plaintiff and the defendant as lessees thereof, and that each was to pay one-half of the rentals in consideration for which each was to have and occupy one-half of the said premises. That the plaintiff paid one-half of the rent of the first month and the parties to their mutual satisfaction apportioned to each other the exact part of the premises to be occupied by each. That the plaintiff there-

after notified the defendant that he would not carry out his agreement and that as a result the defendant. has been damaged in the sum of $2,750.

At the opening of the trial the trial justice dismissed the complaint on the ground that the oral contract alleged in the complaint was void under the Statute of Frauds. He refused, however, to dismiss the counterclaim, holding in substance, that the agreement therein set forth was in the nature of a joint venture. The defendant then assumed the affirmative and the question of the nature of the actual agreement between the parties was thoroughly litigated and submitted to the jury, which determined this question in favor of the defendant. I agree that the verdict is not against the weight of evidence. The real question presented on this record is whether the contract between the parties is void under the Statute of Frauds.

This is not a case where a court of equity is asked to decree specific performance by one party where the other party has partly performed and where the court sometimes intervenes to prevent the statute against frauds being used as an instrument of fraud (*Canda v. Totten*, 157 N. Y. 281), nor is it a case where the parties had agreed to enter into a partnership to deal in land sharing the profits and losses jointly. *Trafhagen v. Burt*, 67 N. Y. 30. It is not even a case where two parties entered into an agreement for the joint occupancy of certain premises. The contract in the light most favorable to the defendant was an agreement that he should lease certain premises in his own name and assume personally the status and liability of a tenant as between himself and the landlord, and that thereafter as between the parties each should occupy one-half of the store and each should pay one-half of the rent. To my mind the really significant feature of the agreement was that the parties did not

18

contemplate a joint tenancy of the premises but that, as the counterclaim alleges, "the plaintiff and the defendant to their mutual satisfaction apportioned to each other the exact part of the premises to be occupied *by each.*"

The defendant, under his lease with the landlord, was the sole tenant and this lease was made in accordance with his agreement with the plaintiff. The defendant agreed that he and the plaintiff were *each* to occupy a part of the space so leased by the defendant and the plaintiff was to pay to the defendant one-half of the rent. That agreement could not be carried out according to the intent of the parties unless the plaintiff became the defendant's subtenant in part of the premises. The parties clearly contemplated a subtenancy for two years and such subtenancy cannot be created by parol. The only real dispute between the parties is whether the defendant under the parol agreement was to make a written sublease to the plaintiff or whether under that agreement the subtenancy was to come into existence as soon as the defendant received his lease and the parties apportioned the premises. The oral agreement, however, was in either view intended to result in a sublease by the defendant and not in a joint control of the premises and in either view it comes within the purview of the Statute of Frauds.

As a matter of fact both parties to this litigation seem to have taken this view until the learned trial justice placed a different interpretation on the oral contract as alleged by the defendant. The record shows that when the defendant moved to dismiss the complaint the following colloquy occurred: "The Court: * * * Isn't the situation reciprocal here? Does not the yardstick measure apply here? Defendant's counsel: As to the Statute of Frauds? The Court: Yes.

Misc.]    Supreme Court, Appellate Term, January, 1917.

Defendant's counsel: I think it does. If it applies to one it applies to the other, and I think we are both out of court for that reason."

After some further discussion the court then granted the defendant's motion to dismiss the complaint. Thereupon the plaintiff moved to dismiss the counterclaim and defendant's counsel stated: " I will consent to the granting of the motion upon condition that the plaintiff will consent to a dismissal of the complaint."

Of course the views of counsel as to the legal effect of a contract are not binding on the court and I have cited these views merely to show the interpretation which the defendant placed on his own oral agreement, and that under such agreement the parties contemplated no joint venture but a sublease. Inasmuch as I think that the judgment should be reversed and the counterclaim dismissed I have not thought it proper to consider whether the plaintiff's absolute repudiation of his agreement does not constitute a breach of the whole contract which would entitle the defendant if the agreement were enforcible to recover full damages in one action.

Judgment reversed, with costs, and counterclaim dismissed, with costs.

FINCH, J., concurs.

WHITAKER, J. (dissenting). The plaintiff Mayer alleges in his complaint that on December 2, 1914, the defendant Seril agreed to take in his name a written lease of the store premises 486 Broadway from the owner for the period of two years, and to give to the plaintiff Mayer one-half of the premises for a like period, for the annual rental of $1,375; that defendant

took the lease of the entire store in his own name but refused thereafter to give plaintiff a lease for one-half notwithstanding plaintiff had paid defendant the sum of $114.50 on account; that plaintiff was ready and willing to take the lease of the one-half and pay the rent thereof, but that defendant refused to give plaintiff the lease. Plaintiff demands judgment for the return of the deposit and damages for breach of the agreement. Defendant Seril, in his answer, alleges that the agreement was, that in the month of November, 1914, plaintiff and defendant agreed that plaintiff would rent the store 486 Broadway jointly, to be used for the purpose of carrying on their respective businesses; that on or about December second they agreed with the owner to hire the premises for a term commencing December 15, 1914, and ending February 1, 1917; that the owner agreed to the terms provided the plaintiff and the defendant would agree to accept a lease in either the name of plaintiff or defendant; that they agreed that the lease be made to and signed by defendant, but the obligation of each should be the same as if the lease had been to them jointly; that each should pay one-half of the rent and each occupy one-half of the store; that on December second defendant received a lease of the premises which he submitted to plaintiff and, with his approval, signed it on December 3, 1914, and on the following day plaintiff paid defendant one-half of the rent due up to March 1, 1914; that on December 16, 1914, plaintiff notified defendant that he, plaintiff, would not carry out or perform the terms of the agreement and would not fulfill his liability and obligation to pay his share of the rent and take possession of the premises, as a result of which the defendant was damaged in the sum of $2,750, being one-half of the rent for the term less the deposit paid

by plaintiff of $114.50, which sum defendant counter-claimed.

Upon the opening of the trial, the defendant moved to dismiss plaintiff's complaint, upon the ground that it appeared that the contract as alleged by the plaintiff, not being in writing, was void under the Statute of Frauds. This motion was granted. Thereupon the plaintiff moved, to dismiss the defendant's counter-claim for the same reason, which motion was denied, the court stating in substance that a month's rent having been paid by plaintiff the contract was in the nature of a joint venture; that the contract alleged by the defendant was not a contract between landlord and tenant for the hiring of real property.

The defendant took the affirmative after plaintiff's complaint had been dismissed, and the jury brought in a verdict upon defendant's counterclaim against plaintiff for the sum of $1,260.

The appellant raises three questions upon this appeal; *first,* that the verdict is against the weight of the evidence; *second,* that the record discloses that the contract alleged by defendant as a basis of his counterclaim was void under the Statute of Frauds, not having been in writing; *third,* that at the time the action was begun there was nothing due defendant; that he cannot recover rent due subsequently, but must bring an action each month as the rent becomes due.

An examination of the record discloses that the verdict is not against the weight of evidence, but that the verdict of the jury is supported by a preponderance of the evidence.

The contract alleged by the defendant does not come directly within the express terms of the Statute of Frauds.

The agreement does not contemplate the granting of an interest in lands to plaintiff. It is merely an

agreement that they should jointly share the rent of the store in question. The lease was by agreement taken in the name of the defendant for the account of both. It was this lease that conveyed an interest in land. The agreement between plaintiff and defendant was that if the defendant Seril took the lease, the plaintiff Mayer would pay one-half of the rental and was to be allowed by defendant, the lessee, to occupy one-half of the premises. The plaintiff Mayer having paid to the defendant money on account of the agreement could have maintained an action against the defendant Seril for specific performance.

The case, I think, is fairly analogous to the cases of *Canda* v. *Totten,* 157 N. Y. 281, and *Traphagen* v. *Burt,* 67 id. 30. There having been full performance on the part of the defendant Seril and part performance on the part of Mayer, I think the case also comes within the principle laid down in *Redfield* v. *Holland Purchase Ins.,* 56 N. Y. 354, and *Hughitt* v. *Hayes,* 136 id. 163–167.

The counterclaim arose out of the same transaction set forth in the plaintiff's complaint. I think, therefore, that if the claim of defendant against the plaintiff had accrued at the time the defendant interposed his counterclaim he was legally entitled to recover upon it. The only amount which had accrued, however, at the time defendant interposed his counterclaim was one-half of the March rent. The breach of the contract by plaintiff, as alleged in the counterclaim, did not entitle the defendant to recover from plaintiff the rent for the entire term of the lease. Defendant could only recover the amount due at the time of interposing his counterclaim, which was one-half of the month's rent. The doctrine of anticipatory breach does not extend to the present case. *Werner* v. *Werner,* 169 App. Div. 9.

The case of *Segal* v. *Ensler*, 16 Misc. Rep. 43, is not in point. There the term was only for one month and had expired when the action was tried.

The judgment should be reduced to the amount due at the date the counterclaim was interposed, which was subsequent to March third, and before the April rent had become due, which amount was the March rent and amounted to $229, and as thus reduced should be affirmed.

Judgment reversed, with costs.