Joseph Teitelbaum, Plaintiff, *v.* Direct Realty Company, Defendant.

Supreme Court, Special Term, Nassau County, June 9, 1939.

*Leon Lang,* for the plaintiff.

*Rogan & Rogan* [*Henry Uterhart* of counsel], for the defendant.

LOCKWOOD, J. This action, tried by the court without a jury, is to recover $25,000, plaintiff's alleged damages for defendant's failure to deliver possession of the store at 61 Main street, Hempstead, N. Y., under a written lease dated February 10, 1938.

At the time the lease was made, the store was occupied by Abe and Dorothy Fergang under a lease expiring June 30, 1938. For many years, plaintiff had operated a drug store a few doors away from the leased premises.

Plaintiff was to take possession on July 1, 1938, make the necessary alterations and installations and open his new drug store on August 1, 1938.

On July 1, 1938, the Fergangs refused to move out, claiming a renewal of their lease by an alleged oral agreement. Defendant brought a summary proceeding in the District Court and the jury rendered a verdict in favor of the Fergangs. Defendant appealed to the Appellate Term, which reversed the order and directed a new trial. On the retrial the Fergangs defaulted. They vacated the premises in January, 1939.

Upon the undisputed facts, the Fergangs wrongfully withheld possession of the premises from the plaintiff. Defendant did not refuse to put plaintiff in possession, nor was plaintiff's possession withheld or hindered by any act of the defendant. In fact, defendant did more than it was legally required to do. It attempted to dispossess the Fergangs and was finally successful after the appeal to the Appellate Term, and Fergangs' default on the new trial.

Plaintiff was not kept out of possession by any one holding under authority of the defendant landlord, or by one having a title paramount to his.

Plaintiff places great reliance upon *Friedland* v. *Myers* (139 N. Y. 432), where plaintiff-lessee was refused possession because the tenant then in possession was entitled to remain under a lease made by the landlord prior to the making of plaintiff's lease. It had previously been held in a dispossess proceeding that the tenant's possession was rightful.

However, the present case is not one where the landlord covenanted to give possession when he had no authority to do so. Plaintiff could have had possession but for the wrongful act of the Fergangs.

It is said in New York Law of Landlord and Tenant (Vol. 1, § 316, p. 639):

" On the other hand, contrary to the view taken in England and in many jurisdictions in this country, it is held in our State, in a number of cases in the lower courts, that the extent of the landlord's implied agreement is that he has a good title and can give a free and unincumbered lease for the term demised, and that if, at the time of the commencement of the term, the possession is held by a trespasser, not holding with the sanction of the landlord, there is no implied obligation on the part of the landlord to oust such trespasser to enable the tenant to enter, and that consequently his failure to do so does not render him liable in damages to the lessee. And, on principle, this would seem to be true, though the lease is for such a short term that the lessee may not be able to avail himself of his remedies to recover the possession from the wrongdoer. In the above connection, WILSON, Ch. J., speaking for the Supreme Court in a leading case, says:

" ' It is not the duty of the landlord, when the demised premises are wrongfully held by a third person, to take the necessary steps to put his lessee in possession.

" ' The latter being clothed with the title by virtue of the lease, it belongs to him to pursue such legal remedies as the law provided for gaining it, whether few or many.' " (*Gardner* v. *Keteltas,* 3 Hill, 330; approved in *United Merchants' Realty & Improvement Co.* v. *Roth,* 193 N. Y. 570, 576.)

" The same view is taken where a prior tenant of the landlord or a sublessee of such tenant, after the expiration of his term, wrongfully and without the sanction of the landlord, retains the possession. This was also held true where a prior tenant of premises used for dwelling purposes held over under the right conferred by the Emergency Rent Laws (repealed); as in such a case the continued possession of the tenant was not by virtue of any right or authority given by the landlord. Where a prior tenant, at the request of the landlord, is permitted by the lessee to retain possession, such retention of possession imposes no liability on the landlord. Proof merely that a third person was in possession of the demised premises at the commencement of the term, without further proof of his right to retain possession does not show a breach of the landlord's implied obligation to give possession."

The following authorities support the rules above expressed: 16 R. C. L. Landlord and Tenant (§ 215, p. 724); *Smith* v. *Barber* (96 App. Div. 236; 112 id. 187); *Fong Ling* v. *Nathans* (204 id. 265); *Grannis* v. *Clark* (8 Cow. 36); *Thomson-Houston Electric Co.* v. *Durant Land Imp. Co.* (4 Misc. 207, 217; revd. on other grounds, 144 N. Y. 34); *Dodd* v. *Hart* (30 Misc. 459); *Mirsky* v. *Horowitz* (46 id. 257); *Grover* v. *Norton* (113 id. 3); *McKinney* v.

*Holt* (8 Hun, 336); *Ward* v. *Edesheimer* (43 N. Y. St. Repr. 138); *Simon* v. *Hermann* (129 N. Y. Supp. 1014); *Frackman* v. *Bijou Real Estate Co.* (142 id. 1118); *Borrello* v. *Brown* (198 id. 236); *Mechanics' and Traders' Fire Ins. Co.* v. *Scott* (2 Hilt. 550); *Becker* v. *DeForest* (31 N. Y. Super. Ct. 528); *Sullivan* v. *Schmitt* (93 App. Div. 469); *Podalsky* v. *Ireland* (137 id. 257); *Imbert* v. *Hallock* (23 How. Pr. 456); *Portman* v. *Weeks* (1 City Ct. Rep. 185); *Segal* v. *Ensler* (16 Misc. 43, 45); *Fonda* v. *Lape* (56 Hun, 639); *137 E. 66 St., Inc.,* v. *Lawrence* (118 Misc. 486).

Furthermore, plaintiff's most substantial claim of damage is based upon the fact that he got his present landlord to release him from the unexpired term, which had a few months to run, and obtained a new tenant whose lease he agreed to buy for $2,500, but it appears that the $2,500 is payable only out of any recovery which he may make in this action.

Admittedly, plaintiff is a month-to-month tenant in his old place at $200 a month and could have moved into the new place when it was vacated last January and could have used the new fixtures which he now claims are a total loss. It might well be that on reflection he found the rent he agreed to pay for the new property too high.

Defendant's motion for judgment is granted and judgment shall be entered in favor of the defendant, dismissing the complaint.